**Nicholas J Henderson, OSB #074027**
nhenderson@portlaw.com
**Troy G. Sexton, OSB #115184**
tsexton@portlaw.com
Motschenbacher & Blattner LLP
117 SW Taylor St., Ste. 300
Portland, OR 97204
Phone: 503-417-0500
Fax: 503-417-0521

Of Proposed Attorneys for Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>CREATIVE LIGHTING SOLUTIONS, INC.,<br><br>Debtor. | Case No. 19-34296-pcm11 |

### NOTICE – LBR 9019-1(B)

PLEASE TAKE NOTICE: If you oppose the proposed course of action or relief sought in the attached motion, you must file a written objection with the bankruptcy court within 14 days after the date listed in the certificate of service below. If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case.

The objection must be received by the clerk of the court at United States Bankruptcy Court, 1050 SW 6th Avenue, #700, Portland, OR 97204, by the deadline specified above or it may not be considered. You must also serve the objection on Nicholas J. Henderson, Motschenbacher & Blattner LLP, 117 SW Taylor Street, Suite 300, Portland, OR 97204, within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

{00319748:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

**Nicholas J Henderson, OSB #074027**
**Troy G. Sexton, OSB #115184**
Motschenbacher & Blattner LLP
117 SW Taylor St., Ste. 300
Portland, OR  97204
Phone: 503-417-0500
Fax:  503-417-0521
nhenderson@portlaw.com
tsexton@portlaw.com

Of Proposed Attorneys for Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No. 19-34296-pcm11 |
| CREATIVE LIGHTING SOLUTIONS, INC., | DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY BANKRUPTCY COUNSEL |
| Debtor. | (Motschenbacher & Blattner LLP) |

Creative Lighting Solutions, Inc., (the "Debtor"), as debtor-in-possession, hereby moves this Court for entry of an order authorizing it to employ Motschenbacher & Blattner LLP ("M&B") as its general bankruptcy counsel in this case. In support of this application, the Debtor represents:

### BACKGROUND

1.      On November 21, 2019, (the "Petition Date"), the Debtor filed herein a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor is continuing in the management and possession of its business and properties as debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code. As of the date hereof, no trustee or examiner has been requested

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

or appointed in this case, and the United States trustee has not appointed an official committee of creditors.

2.      The Debtor is an Oregon corporation licensed in the state of Oregon. Debtor specializes in the manufacturing and installation of LED lighting products for businesses and venues throughout the Portland metropolitan area.

3.      M&B commenced rendering prepetition bankruptcy services to the Debtor on October 23, 2019. The details concerning M&B's engagement as bankruptcy counsel, and the payments made to M&B in connection with that engagement, are disclosed in the accompanying Rule 2014 Statement.

## JURISDICTION

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and LR 2100-1. Consideration of this application constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). The statutory predicates for the relief sought by this application are sections 327(a) and 1107 of the Bankruptcy Code. Venue is proper under 28 U.S.C. § 1408.

## RELIEF REQUESTED

5.      By this application, the Debtor seeks entry of an order, effective as of the Petition Date, authorizing it to employ M&B as its general bankruptcy counsel in this Chapter 11 case on an hourly basis. A proposed form of order is attached as **Exhibit 1**.

## POINTS AND AUTHORITIES

6.      Subject to further order of this Court, and without being exhaustive, the Debtor proposes to engage M&B for purposes of (i) consulting with it concerning the administration of the case, (ii) advising it with regard to its rights, powers and duties as a debtor in possession, (iii)

DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY
BANKRUPTCY COUNSEL (Motschenbacher & Blattner LLP)

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

{00314692:2}

investigating and, if appropriate, prosecuting on behalf of the estate claims and causes of action belonging to the estate, (iv) advising it concerning alternatives for restructuring its debts and financial affairs pursuant to a plan or, if appropriate, liquidating its assets, and (v) preparing the bankruptcy schedules, statements and lists required to be filed by the Debtor under the Bankruptcy Code and applicable procedural rules.

7.      The Debtor has selected M&B for the reason that it believes the firm is well qualified to represent it in this case. M&B has substantial expertise in matters relating to bankruptcy and business reorganizations.

8.      The proposed rate of compensation, subject to this Court's approval, is the customary hourly rates in effect when services are performed by the attorneys and other firm personnel who provide professional services to the Debtor. The current hourly rates, which may be adjusted periodically, for persons presently designated to work on this case are as follows:

| Name | Status | Hourly Rate |
|---|---|---|
| Nicholas J. Henderson | Partner | $400.00 |
| Troy G. Sexton | Associate | $335.00 |
| Jeremy Tolchin | Associate | $315.00 |
| Sean Glinka | Associate | $315.00 |
| Legal Assistants and Paralegals | Legal Assistant | $85.00 to $150.00 |

9.      To the best knowledge of the Debtor, except as disclosed in the accompanying Rule 2014 Verified Statement for M&B, M&B does not have any connections with the Debtor, creditors, any other party in interest, their respective attorneys or accountants, the United States trustee or any person employed in the office of the United States trustee, or any District of Oregon bankruptcy judge.

DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY BANKRUPTCY COUNSEL (Motschenbacher & Blattner LLP)

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

10.     To the best knowledge of the Debtor, M&B is a disinterested person within the meaning of section 101(14) of the Bankruptcy Code and does not represent or hold any interest adverse to the interests of the estate or of any class of creditors or equity security holders.

WHEREFORE, the Debtor requests entry of an order in the form attached hereto as **Exhibit 1**, effective as of the Petition Date, authorizing it to employ M&B as its general bankruptcy counsel in this Chapter 11 case in accordance with, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as the Court may allow under sections 330 and 331 of the Bankruptcy Code.

CREATIVE LIGHTING SOLUTIONS, INC.

DATED: November 21, 2019     /s/ Mike Bernards
                             By:  Mike Bernards
                             Its:  President

DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY
BANKRUPTCY COUNSEL (Motschenbacher & Blattner LLP)

{00314692:2}

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

In re                )
                      )  Case No. _____
                      )
                      )  RULE 2014 VERIFIED STATEMENT
Debtor(s)        )  FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

Case 19-34296-pcm11   Doc 5   Filed 11/21/19

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)).  Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

In re: Creative Lighting Solutions, Inc.
Case No.: 19-34296-pcm11

**Continuation Statement No. 13**

1.      Pacific Office Automation is a creditor in the case. Applicant purchases office equipment from Pacific Office Automation and has an open account as an ongoing customer for copier supplies. Balances are paid to zero on a monthly basis.

2.      The spouse of one of Applicant's partners works for Columbia Sportswear, which is an affiliate of a potential creditor and party in interest in the case.

{00319613:1}

# EXHIBIT 1

# PROPOSED ORDER

{00314692:2}

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>CREATIVE LIGHTING SOLUTIONS, INC.,<br><br>Debtor. | Case No. 19-34296-pcm11<br><br>ORDER AUTHORIZING EMPLOYMENT<br>OF COUNSEL FOR DEBTOR<br><br>(Motschenbacher & Blattner  LLP) |

THIS MATTER having come before the Court on the application of Creative Lighting

Solutions, Inc., Debtor-in-Possession ("Debtor"), for an order authorizing it to employ

Motschenbacher & Blattner LLP ("M&B") as attorneys for Debtor [Docket No. ___] (the

"Application") to represent the Debtor as debtor-in-possession herein; and the Court being

advised that M&B represents no interest adverse to the Debtor as debtor-in-possession herein

(except as disclosed in the second amended Rule 2014 Verified Statement on file herein) on the

matters upon which the firm is to be engaged, that the firm's employment is necessary and would

be in the best interest of the estate; and the Court being otherwise fully advised,

ORDER AUTHORIZING EMPLOYMENT OF BANKRUPTCY
COUNSEL FOR DEBTOR (Motschenbacher & Blattner LLP)

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

{00314692:2}

IT IS HEREBY ORDERED as follows:

1) Debtor's Application is approved, and Debtor is authorized to employ the law firm of Motschenbacher & Blattner LLP as of the Petition Date as Debtor's Chapter 11 counsel to represent Debtor in conducting the case;

2) The terms and conditions of M&B's employment, as set forth in this Order and in the Bankruptcy Attorney/Client Fee Agreement attached as **Exhibit A**, are approved, except as modified by this Order, as follows:

    a. Of the $50,000 minimum fee, earned upon receipt retainer, $40,000 shall be designated as the minimum fee, earned upon receipt retainer, and $10,000 shall be designated as the "risk fee" for services in the event of a conversion of the case to one under Chapter 7;

    b. The $40,000 minimum fee, earned upon receipt retainer is subject to a review for reasonableness and possible disgorgement as permitted under 11 U.S.C. §§ 329, 330. M&B's allowed fees shall be deducted first from its $40,000 earned-upon receipt retainer, and then from cash collateral under the terms of any applicable cash collateral order.

    c. The $10,000 "risk fee" shall be credited to approved but unpaid fees to M&B for Chapter 11 services upon entry of an order confirming the plan and, in the event of a conversion of the case to one under Chapter 7, subject to a review for reasonableness and possible disgorgement as permitted under 11 U.S.C. §329

3) The Debtor shall pay said attorneys for their services, and shall reimburse expenses incurred by said attorneys, only upon the entry of an order of the Court approving such fees and expenses under 11 U.S.C §§ 330 and 331, and other applicable provisions of the Bankruptcy

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Code and Local Bankruptcy Rules. This Order shall be effective only if the firm to which it

applies is a "disinterested person" as defined by 11 U.S.C. §101(14)

### #

Order Presented by:

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Telephone: 503-417-0500
E-mail: nhenderson@portlaw.com
Of Proposed Attorneys for Debtor-in-Possession

**PARTIES TO SERVE**

**ECF Electronic Service:**
All parties registered to receive
notice via CM/ECF.

**Service via First-Class Mail:**
NONE

ORDER AUTHORIZING EMPLOYMENT OF BANKRUPTCY
COUNSEL FOR DEBTOR (Motschenbacher & Blattner LLP)

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

# EXHIBIT A

# ENGAGEMENT MATERIALS

{00314692:2}

# BANKRUPTCY ATTORNEY-CLIENT FEE AGREEMENT
## (Chapter 11)

CLIENT:             Creative Lighting Solutions, Inc.

ATTORNEY:        Nicholas J. Henderson

FIRM:               Motschenbacher & Blattner LLP ("Firm")

DATED:             October 23, 2019

Client desires to retain Attorney for, but not limited to, the purposes described in this Agreement and agrees to be responsible for payment of the Attorney's fees and costs as established in this Agreement. Attorney agrees to represent Client under the terms and conditions of this Agreement and to be compensated at the rates set forth in this Agreement.

Client requests and the Attorney agrees to render professional services, including (a) giving the Client legal advice with respect to its business operations; (b) assisting the Client in any proposed reorganization of its business; (c) if authorized, filing an appropriate petition for relief under Title 11 of the United States Bankruptcy Code; (d) giving the Client legal advice with respect to its powers and duties in any proceeding in bankruptcy; (e) proposing on behalf of the Client all necessary applications, answers, orders, reports or other legal papers; and (f) performing for the Client any and all other legal services which may be necessary in connection with the filing of any petition or proceeding in bankruptcy.

Client and Attorney agree that the Attorney's compensation for services performed pursuant to this Agreement shall be the Attorney's customary hourly rates in effect at the time the services are performed for the Attorneys, legal assistants, and staff who provide services for the Client. At the time of the execution of this Agreement, the current hourly rates are as follows:

| Name | Status | Hourly Rate |
|---|---|---|
| Nicholas J. Henderson | Partner | $400.00 |
| Troy G. Sexton | Associate | $335.00 |
| Jeremy Tolchin | Associate | $315.00 |
| Sean Glinka | Associate | $315.00 |
| Legal Assistants and Paralegals | Legal Assistant | $85.00 to $150.00 |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of law. Attorney's time and paralegal time is billed in minimum 0.10 hour increments. Client will be provided with itemized monthly statements for services rendered and expenses incurred, which will be mailed on approximately the 10th of each calendar month.

Fees. Attorney and Client agree that the actual fees to be incurred in the case are difficult to predict, because of a variety of factors, many of which are not within the control of Attorney or Client. Attorney and Client acknowledge that the Bankruptcy Court is entitled to review Attorney's fees for reasonableness. The Bankruptcy Court may reduce the amount of the fees billed in such amount that it determines reasonable based on the totality of the circumstances, including a consideration of the reasonableness of the fees based on the circumstances which existed at the time the employment began, as well as a consideration of the reasonableness of the fee after the services have been rendered and the representation has concluded. If the Bankruptcy Court requires a reduction in the amount of any fees charged, Attorney and Client agree that all other terms and conditions of this fee agreement shall continue to apply.

Client agrees to pay a retainer fee of $51,717.00 for Attorney's engagement, which shall be paid in advance and deemed earned upon receipt or, in the exercise of Attorney's discretion, deemed earned on any subsequent date prior to the date Client's Chapter 11 case is filed. The fee shall be applied as indicated in this Agreement. Based on a variety of factors and confidential discussions between Attorney and Client subject to an Attorney/Client privilege, Attorney and Client agree that the earned on receipt retainer is a reasonable estimate of the minimum amount of fees Attorney will expend in the case.

In recognition of the risk that exists in any Chapter 11 case that the Chapter 11 case may not be successful and, if not successful, that the case will be converted to Chapter 7, and in further recognition that Attorney will have the obligation to provide services to the Client during the course of a Chapter 7 case in the event of conversion to Chapter 7, Client desires to provide payment for such risk in advance. Client and Attorney acknowledge that current bankruptcy law prohibits payment of the Attorney for Chapter 7 services from the funds of a Chapter 7 bankruptcy estate. Client and Attorney reasonably agree and project that the fees likely to be incurred by Attorney in a converted Chapter 7 case will likely not be less than $10,000. In recognition of such potential future liability, Client and Attorney agree that a sum of $10,000 is reasonable advance compensation to Attorney for the risk assumed by Attorney of services to be performed in a possible future Chapter 7 case. Attorney and Client further agree that the sum of $10,000 shall be allocated from the retainer paid to compensate Attorney for the risk of providing services in a future Chapter 7 case, and that such $10,000 shall be deemed earned on receipt by Attorney as payment for the risk of having to perform services in a potential future Chapter 7 case.

Further provided that upon the occurrence of the Effective Date of any confirmed plan of reorganization in Debtor's case, the "Risk Fee" shall be credited to any approved but unpaid Chapter 11 fees owing to Attorney, and any unused amount will be refunded to the Debtor.

Attorney and Client agree that the existence of this Agreement shall be adequately disclosed to the Court and other interested parties, including but not limited to the United States Trustee. As set forth elsewhere in this Agreement, Attorney shall have the option to require Client to perform various mailings and advance other significant costs as they become due from the Client's ongoing income.

Page 2 of 6 - BANKRUPTCY ATTORNEY-CLIENT FEE AGREEMENT
{00312092;1}

Exhibit A - Order Approving Employment
Case 19-34296-pcm11    Doc 5    Filed 11/21/19
Page 2 of 7
Doc ID: 6a6aeead765aec4086332a042b42e8d465a6670c896

In addition to the foregoing hourly rates, Client agrees to be responsible for payment of all costs incurred in representing the Client. Examples of such costs include filing fees, court reporter fees, long distance telephone, photocopies (whether made in the Attorney's office or an outside printing service), etc. The Attorney's "Expense Policy Statement" is attached as Exhibit "A." A quarterly fee based on disbursements is assessed by the Office of the US Trustee on all Chapter 11 debtors. A copy of the US Trustee's fee schedule is attached. Client is responsible for payment of the quarterly fees.

Client has been informed and acknowledges that Attorney has no responsibility to hire outside professionals such as appraisers, accountants, bookkeepers, expert witnesses, etc., unless those costs are paid in advance by the Client to the Attorney.

All professionals must also be approved by the Bankruptcy Court before starting work, or the Court will deny payment to the professional. Client acknowledges it has been informed of the Court's rule requiring the filing of a "Monthly Operating Report" (Rule 2015 Report) on the Court's form by the 21st day of each succeeding month. The form of such report will be separately provided to the Client. The Client assumes all responsibility for providing Attorney's office with all information necessary to prepare the report not later than the 14th day of the calendar month. Failure to timely file these reports can result in dismissal of the Chapter 11 proceeding.

Attorney shall have the option, but not the duty, to proceed with representing Client prior to payment of the above described retainer. If Attorney performs services prior to receipt of the retainer, the Attorney may withdraw from representing the Client at any time prior to payment of the agreed retainer.

Client agrees to cooperate with Attorney, to complete all forms requested by the Attorney and to provide the Attorney with all information necessary to enable the Attorney to represent the Client's best interests. If Client unreasonably declines to cooperate, or should knowingly provide the Attorney with false or fraudulent information or testify untruthfully in any matter before the Court, the Client agrees that Attorney shall have the right to immediately resign. If permitted by law, should either party find it necessary to take steps to enforce this Agreement, the costs of doing so, including reasonable Attorney fees both before trial, at trial or after appeal, as determined by the Court, will be borne by the losing party.

Client acknowledges that Attorney has advised that the actual Attorney's fees and expenses, considering the size and complexity of case, will be substantial. Client acknowledges that the Attorney has advised that under the rules of the Bankruptcy Court, the Attorney has the right to submit an application for payment of fees to the court in accordance with the court's rules, which will be done as frequently as court rules permit. Such petitions for fees, when approved, will be paid from the Client's post-petition income.

Attorney strives to keep Client informed of the work Attorney is performing, and Attorney stands ready to explain its services and invoices to Client's satisfaction. If Client ever has questions regarding Attorney's charges, please let Attorney know immediately so that Attorney can attempt to resolve any concerns fairly and without delay. Also, if Client has a

particular need relative to Attorney's invoicing (e.g., the billing format or timing of delivery), please let Attorney know and Attorney will try to accommodate the Client.

Client may terminate the attorney/client relationship at any time and for any reason by delivering to Attorney a written notice of termination. Attorney also reserves the right to terminate the attorney/client relationship, by delivering to Client a written notice, if Client fails to pay Attorney when due any amount Client owes Attorney, if Client fails to cooperate with Attorney or to disclose to Attorney material information, or if for any other reason Attorney feels Attorney is unable to continue an effective attorney/client relationship, in each case, to the extent permitted by the applicable rules of professional conduct, and subject to any applicable rules requiring notice and Court approval. Upon any termination, Client will remain liable for all fees, costs and expenses incurred prior to the termination of the attorney/client relationship. Upon termination, Attorney will provide Client with the original or a copy of all Client's files in Attorney's possession, retaining a copy for Attorney in Attorney's discretion and at Attorney's cost. Once Attorney's representation is terminated, Attorney will have no obligation to inform Client of due dates, subsequent developments or the like, or to maintain any documents or dockets relating to Client's matters.

Attorney appreciates the opportunity to serve as Client's attorneys and anticipates a productive and harmonious relationship. If, however, Client becomes dissatisfied for any reason with the services Attorney has performed or Client disputes any of the fees, costs or expenses charged by Attorney, Attorney encourages Client to bring that dissatisfaction or dispute to Attorney's attention at the earliest possible time. Most problems should be rectifiable through such communication. However, should a dispute arise between Attorney and/or Client which cannot be resolved in that manner, then the Bankruptcy Court will resolve the dispute.

A solid attorney/client relationship is a two-way street. Lawyers need timely and complete cooperation and assistance from their clients just as clients need timely and complete cooperation and assistance from their lawyers. Attorney will therefore endeavor to keep Client informed of Client's matters as they progress. Similarly, Client agrees to provide Attorney with timely responses to requests for documentation and information and to make available to Attorney personnel in order that Attorney may effectively carry out its function as Client's attorneys. Bear in mind that if Attorney does not obtain such cooperation, the quality of Attorney's representation may suffer and Attorney may feel constrained to withdraw from any further work.

THE ATTORNEY DOES NOT UNDERTAKE TO GIVE THE CLIENT TAX ADVICE. CLIENT AGREES TO CONSULT ITS OWN ACCOUNTANT OR COMPETENT TAX COUNSEL, WITH RESPECT TO ALL TAX ISSUES.

---

SIGNATURE PAGE FOLLOWS

Page 4 of 6 - BANKRUPTCY ATTORNEY-CLIENT FEE AGREEMENT
{00312092:1}

Exhibit A - Order Approving Employment
Case 19-34296-pcm11   Doc 5   Filed 11/21/19
Page 4 of 7
Doc ID: 8bd1ea71094ac857

DATED: 10 / 29 / 2019

ATTORNEY:

MOTSCHENBACHER & BLATTNER, LLP

By: _____
        Nicholas J. Henderson, Partner

CLIENT:

CREATIVE LIGHTING SOLUTIONS, INC.

By: _____
        Michael Bernards, President

Attachments:

    A.   Expense Policy Statement (Exhibit A)

    B.   U.S. Trustee Quarterly Fee Schedule

Initial If Rec'd:

_MB_

_MB_

Page 5 of 6 - BANKRUPTCY ATTORNEY-CLIENT FEE AGREEMENT
{00312092:1}

Exhibit A - Order Approving Employment
Case 19-34296-pcm11    Doc 5    Filed 11/21/19
Page 5 of 7
Doc ID: 8bd1ea71094ac857

Attorney's Expense Policy Statement

| | |
|---|---|
| <u>Photocopies</u>: | $0.10 per page (in house) |
| <u>Fax</u>: | Incoming No Charge; outgoing (including long distance) at actual telephone charges. |
| <u>Outside Services</u>: | All outside entity bills are charged at actual cost. |
| <u>Postage</u>: | Postage, express mail and other overnight delivery or air courier services are charged at actual cost. |
| <u>Long Distance</u>: | Long distance telephone charges are billed to Clients at actual cost. |
| Computerized <u>Research</u>: | Actual (i.e., invoiced) cost. Time associated with computerized research to be specifically identified on attorney time detail. |
| <u>Travel</u>: | Travel expenses are actual and Air fare is coach or economy class only. Other expenses are actual and do not include limos. Mileage is charged at the rate of allowed for federal tax deductions. |
| Other Personnel <u>Charges</u>: | Secretarial overtime is charged to Clients at $30.00 per hour if the overtime work is due to time constraints mandated by the case or the Client, not to exceed the employee's actual hourly compensation cost to the firm. |
| <u>Pacer</u>: | Actual cost ($0.10 per page). |
| <u>Other</u>: | Any charges not mentioned above will be charged in accordance with the applicable U.S. Bankruptcy Court Cost Guidelines contained in Bankruptcy Rule 2016. |

# EXHIBIT B

**POST-CONFIRMATION REPORTS**

Confirmation is the court's approval of a plan of reorganization. The Bankruptcy Code and Rules require the debtor to file a Post-Confirmation Quarterly Report for every post-confirmation calendar quarter, including the quarter in which the plan was confirmed and the quarter in which the debtor files its application for final decree. 11 U.S.C. § 1106(a)(7) and Fed. R. Bankr. P. 2015(a)(5). More frequent reporting may be requested on a case-by-case basis.

**REPORTS IN CASES CONVERTED TO CHAPTER 7**

The debtor must file a schedule of unpaid debts incurred after commencement of the Chapter 11 case, within 14 days after entry of an order converting the case to Chapter 7; and a final report and account, within 30 days after entry of the order converting the case. Fed. R. Bankr. P. 1019(5)

**STATUTORY QUARTERLY FEES**

A Chapter 11 debtor must pay quarterly fees to the United States Trustee until the case is dismissed, converted, or closed by final decree. 28 U.S.C. § 1930(a)(6). The Code further provides that for a plan to be confirmed, all quarterly fees must be paid timely or the plan must provide for payment of all fees on the effective date of the plan. 11 U.S.C. § 1129(a)(12). The debtor's failure to timely pay quarterly fees is cause for conversion or dismissal of a Chapter 11 case. 11 U.S.C. § 1112(b)(4)(K).

The fee for each calendar quarter is based on total payments or disbursements made by the debtor's estate during the quarter, including payments made by another party for the debtor. The fee is calculated as follows:

NEW STATUTORY FEE SCHEDULE
Effective January 1, 2018

| If disbursements for the calendar quarter are within these amounts... | | Then the quarterly fee due is... |
|---|---|---|
| From | To | |
| -0- | $14,999.99 | $325 |
| $15,000 | $74,999.99 | $650 |
| $75,000 | $149,999.99 | $975 |
| $150,000 | $224,999.99 | $1,625 |
| $225,000 | $299,999.99 | $1,950 |
| $300,000 | $999,999.99 | $4,875 |
| $1,000,000 or more | | 1% of quarterly disbursements or $250,000 whichever is less. |

| For calendar quarter ending . . . | A fee payment is due on . . . | Send your payment and quarterly fee payment stub ONLY |
|---|---|---|
| | | * * * * * |
| March 31 . . . . . . . . . . . . . . . . April 30 | | Any disbursement stubs, monthly operating |
| June 30 . . . . . . .. . . . . . . . . . . . . . . July 31 | | reports, correspondence, court notices, etc., sent |
| September 30 . . . . . . . . . . . . . . . October 31 | | to the lockbox will be destroyed. |
| December 31 . . . . . . . . . . . . . . January 31 | | |