**In re** ) Case No. _____
)
) **Notice of Preliminary Hearing on Motion**
)    **For Use of Cash Collateral**
)    **To Obtain Credit**
**Debtor(s)** )    **(Check One)**

**YOU ARE NOTIFIED THAT:**

1. The undersigned moving party, _____, filed a Motion      For Use of Cash Collateral      To Obtain Credit (check one). The motion is attached and it includes (1) the statement required by [Local Bankruptcy Form (LBF) 541.5](#) and (2) the following allegations:

   a. The immediate and irreparable harm that will come to the estate pending a final hearing is
   _____
   _____
   _____.

   b. The amount of      cash collateral      credit (check one) necessary to avoid the harm detailed above prior to the final hearing is _____.

2. The name and service address of the moving party's attorney (or moving party, if no attorney) are: _____.

3. A preliminary hearing on the motion will be held as follows:

   Date: _____ Time: _____ Location: _____ _____ _____ _____

   Testimony will be received if offered and admissible.

4. If you wish to object to the motion, you must do one or both of the following:

   a. attend the preliminary hearing.

   b. file a written response, which states the facts upon which you will rely, with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401.

   If the response is filed within three business days before the hearing, notify the judge's chambers by telephone immediately after filing the document, as required by Local Bankruptcy Rule (LBR) 9004-1(b).

5. I certify that on _____ this notice and the motion were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 7004 on the debtor(s), any debtor's attorney, any trustee, any trustee's attorney, members of any committee appointed under 11 U.S.C. § 1102 or elected pursuant to 11 U.S.C. § 705 or its authorized agent [or, if no committee in a chapter 11 case, on all creditors listed on the list filed pursuant to FRBP 1007(d)], any creditors' committee attorney, the U.S. Trustee, and all entities with any interest in the cash collateral subject to this motion, whose names and addresses used for service are as follows:

---
**Signature of Moving Party or Attorney    OSB #**

---
**(If debtor is movant) Debtor's Address & Last 4 Digits of Taxpayer ID#(s)**

**Nicholas J Henderson, OSB #074027**
**Troy G. Sexton, OSB #115184**
Motschenbacher & Blattner LLP
117 SW Taylor St., Ste. 300
Portland, OR 97204
Phone: 503-417-0508
Fax: 503-417-0528
nhenderson@portlaw.com
tsexton@portlaw.com

Of Proposed Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>ERIC L. SILVA,<br><br>Debtor. | Case No. 19-34037-pcm12<br><br>MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY HEARING<br><br>**(Expedited Hearing Requested)** |

Debtor Eric L. Silva ("Debtor"), pursuant to Sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rule 4001, and LBR 4001-1(c), moves the Court for entry of an interim order authorizing use of cash collateral as defined by §363(a) of the Bankruptcy Code ("Cash Collateral"), and, in support, represents and states as follows:

On October 31, 2019, Debtor commenced a Chapter 12 case by the filing of a voluntary petition under Chapter 12 of the United States Bankruptcy Code. Pursuant to § 1203 of the Code, Debtor is continuing in possession of his property and is operating and managing his business.

Page 1 of 6

{00314138:1}

MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY HEARING

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 13    Filed 11/05/19

**DEBTOR'S BUSINESS**:

Debtor operates a dairy farm in Beaver, Oregon and currently employs about six employees. Debtor also breeds and sells cows for dairy production. Debtor's milk operation produces gross monthly revenue of approximately $150,000. Debtor has long-time customer relationships for purchase of his production. If Debtor is unable to pay his employees, the employees will suffer hardship and likely cease working. If Debtor fails to maintain his relationship with his core buyer and fulfill pending orders, he will lose goodwill with his customer and likely lose substantial amounts of business. If the Debtor fails to feed his cattle, then their milk production will decline significantly resulting in significant reductions in profitability in addition to the obvious harm to the animals health and wellbeing. The loss of the revenue stream from those sources would inhibit a successful reorganization and devalue the estate significantly.

**PARTIES WITH POTENTIAL INTERESTS IN CASH COLLATERAL**:

The following entities may claim a lien in the Cash Collateral based upon UCC financing statements on file with the Oregon Secretary of State:

| Secured Creditor | UCC Nos | Collateral | County |
| --- | --- | --- | --- |
| Keybank NA<br>4910 Tiedeman Rd<br>Brooklyn OH 44144 | 574279<br>574279-1<br>574279-2<br>574279-3<br>574279-4<br>574279-5<br>**574281-1**<br>**574281-2**<br>**574281-3**<br>**574281-4**<br>**574281-5**<br>**574281-6** | All Assets;<br>All Calves and Cattle (Code 1001) | Tillamook (County Code 29) |

According to Debtor's records, the amounts owed to the UCC Lien Creditors are as follows:

Page 2 of 6

{00314138:1}

MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY HEARING

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 13    Filed 11/05/19

| Secured Creditor | Amount |
|---|---|
| Keybank NA<br>4910 Tiedeman Rd<br>Brooklyn OH 44144 | $1,390,431.37 |

Other than the liens noted above, Debtor is not aware of any parties holding an interest in Cash Collateral.

To preserve the value of the Debtor as a going concern and to maintain the health and welfare of the Debtor's cattle herd, Debtor requires the use of cash generated from his business to pay his operating expenses, including wages of its employees.

In order to formulate his Chapter 12 Plan, Debtor requires the use of Cash Collateral for the payment of wages, salaries and operating expenses. Debtor proposes to use Cash Collateral in the amount of $157,450 of cash collateral for the period of November 5, 2019, through and including December 7, 2019 on the terms set forth in the proposed Interim Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A**. Debtor's projected 120-day operating expense budget is attached to **Exhibit A,** marked **Exhibit 1** (the "Budget").  Such Cash Collateral includes, but is not limited to, any uncashed checks made payable to the Debtor and/or electronic funds in transit.

Debtor has made reasonable efforts to secure alternative financing. Debtor is unable to obtain necessary financial accommodations for the expenses shown in **Exhibit 1** from any source.

After reasonable efforts, Debtor is unable pursuant to § 364(a) or (b) of the Bankruptcy Code, to obtain unsecured credit allowable under § 503(b)(1) of the Code as an administrative expense.

Allowing Debtor to use Cash Collateral on the terms set forth in the proposed Interim Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A** will preserve Debtor's going concern value, maximize the value of the Debtor's assets for the estate, will increase the probability of a successful business plan, and is in the best interests of the creditors and this estate.

Page 3 of 6

{00314138:1}

MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY HEARING

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 13    Filed 11/05/19

Without the use of Cash Collateral, Debtor has insufficient funds to meet his expenses as itemized in **Exhibit 1**. Debtor has an immediate need for Cash Collateral to pay his payroll and other operating expenses and provide deposits to utilities as needed under 11 U.S.C. § 366 all of which will preserve the value of his business.

Debtor will suffer immediate and irreparable harm in that profits will be significantly reduced or eliminated and the value of the estate will be substantially diminished if Debtor is not permitted to use $157,450 of cash collateral for the period of November 4, 2019, through and including December 7, 2019, on an interim basis, in the amounts and for the purposes set forth in the Budget, to meet his necessary and ordinary course post-petition operating expenses prior to the time prescribed by FRBP 4001(b)(2) for a final hearing on Debtor's motion for authority to use Cash Collateral.

The proposed order on this motion does not contain any of the "disfavored provisions" listed in LBF 541.7.

**PROPOSED TERMS OF CASH COLLATERAL ORDER**:

Debtor further proposes that his authority to use Cash Collateral be limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtor may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the aggregate budget variance shall not exceed ten percent (10%) of the total projected expenditures under the Budget for that Budget period.

**PROPOSED ADEQUATE PROTECTION**:

Notwithstanding anything to the contrary contained in Section 552(a) of the Code, as adequate protection for, and to secure payment of, an amount equal to the aggregate diminution (from the petition date) in the value of the property of Debtor to which any of the liens of the parties

Page 4 of 6

{00314138:1}

MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY HEARING

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 13    Filed 11/05/19

identified herein shall have attached, and as security for and an inducement to said parties to permit use of Cash Collateral, Debtor proposes to grant to each of them the following protection:

    a.    A replacement lien on all of the post-petition property in which each of them has a pre-petition lien or security interest. The replacement liens shall have the same relative priority vis-á-vis one another as existed on the petition date with respect to the original liens.

    b.    Each party granted a replacement lien herein shall be granted relief from the automatic stay to take all actions which may be required under federal or state law in any jurisdiction to validate or perfect the liens so granted.

    c.    Debtor shall timely perform and complete all actions necessary and appropriate to protect said parties' collateral against diminution in value.

### NOTICE:

Debtor has given notice, as required by Bankruptcy Rule 4001, of this motion or pending requisite notice of such motion.

WHEREFORE, Debtor moves for:

1. An Interim Order Authorizing the Use of Cash Collateral on the terms set forth in **Exhibit A** attached hereto and Granting Adequate Protection.

2. An Order setting a preliminary hearing on this motion upon such notice as the Court may direct pursuant to Bankruptcy Rule 4001(b)(3) to authorize the expenditures set forth on **Exhibit 1** to this motion.

/ / /

/ / /

/ / /

Page 5 of 6

{00314138:1}

MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY HEARING

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 13    Filed 11/05/19

3. That the Order and each of its terms shall be effective immediately upon entry by the Court and the automatic stay of judgment provisions of FRBP 8017(a) shall not apply;

4. An Order setting a final hearing after notice on this Motion.

DATED: November 5, 2019

                              MOTSCHENBACHER & BLATTNER LLP

                              By:/s/ Nicholas J. Henderson
                                  Nicholas J. Henderson, OSB #074027
                                  Troy G. Sexton, OSB #115184
                                  Of Proposed Attorneys for Debtor-in-Possession

Page 6 of 6    MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY HEARING

{00314138:1}

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 13    Filed 11/05/19

**EXHIBIT A**

**PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re:

ERIC L. SILVA,

Debtor.

Case No. 19-34037-pcm12

INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

This matter came before the Court on the Motion For Interim Order Under Sections 361 and 363 of the Bankruptcy Code, Authorizing Debtor to Use Cash Collateral and to Grant Adequate Protection [ECF Doc #___] filed by Eric Silva (the "Debtor"), as debtor-in-possession. Based on the entire record of this case, the Court makes the following findings of fact and conclusions of law:

  A. On October 31, 2019 (the "Petition Date"), the Debtor filed herein a voluntary petition under Chapter 12 of the Bankruptcy Code. As of the date hereof, no trustee or examiner has been requested or appointed and no official committee of creditors has been appointed.

  B. The following creditors (each a "Secured Creditor") may claim a lien in the Debtor's cash collateral (as defined in § 363(a)), as follows:

| Creditor | Approx. Amount Owing | Collateral Value | Brief Collateral Description |
|---|---|---|---|
| Keybank, NA | $1,390,431.37 | $4,820,000 | All Assets, Real Estate and Cattle |

  C. The relief requested in the motion (i) is necessary to avoid immediate and irreparable harm to Debtor's property.

Page 1 of 4

{00226460:5}

INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12 Doc 13 Filed 11/05/19

c

D. Absent authority to use cash collateral, the Debtor's property will be immediately and irreparably harmed. The Debtor's use of cash collateral will enable him to maintain the going concern value of his business and the value of Debtor's dairy cattle.

E. The adequate protection offered to the Secured Creditors in the motion is reasonable and appropriate in the circumstances.

Based on the foregoing, it is hereby ORDERED that:

1. The Debtor is authorized to use $157,450 of cash collateral for the period of November 4, 2019, through and including December 7, 2019 (the "<u>Interim Budget Period</u>") in accordance with the attached Exhibit 1 (the "<u>Budget</u>"). Debtor's authority to use Cash Collateral is limited to the uses set forth in the Budget, together with a 10% aggregate variance.

2. As adequate protection, the Lien Creditor is granted replacement liens upon all post-petition assets of the Debtor which are of the identical description to its pre-petition collateral, with the same relative priority that existed as of the Petition Date.

3. Debtor will timely perform and complete all actions necessary and appropriate to protect Lien Creditors' collateral against diminution in value.

4. Nothing in this Order shall be construed to (a) grant a security interest in the Debtor's avoidance powers; (b) convert any pre-petition obligations into post-petition obligations; (c) require payment of any obligations on confirmation of a plan of reorganization, except as otherwise provided under the Bankruptcy Code; (d) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtor, or its assets or (e) enhance the secured position of any creditor as of the Petition Date. Further, nothing in this order shall preclude Lien Creditor from asserting claims for any further amounts that may be owed by the Debtor.

5. Debtor is authorized to execute and deliver to Lien Creditor such instruments considered by each Secured Creditor to be necessary or desirable to perfect the secured interests and liens given to the Secured Creditor, and the Secured Creditor is authorized to receive, file, and record the same.

Page 2 of 4   INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

{00226460:5}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 13    Filed 11/05/19

6. Nothing contained in this Order shall constitute a determination as to the amount, validity, or priority of any pre-petition obligation, security interest, or lien and all rights of parties in interest to claim that any pre-petition lien or security interest in Debtor's property is unperfected, unenforceable, invalid, or voidable, are reserved. Additionally, nothing in this Order shall constitute an admission or acknowledgement by Debtor that any party has a valid or perfected lien in the cash of Debtor now existing or subsequently received, and the references herein to "Cash Collateral" are without prejudice to all rights, defenses, and claims of Debtor to contend that any party does not have a perfected lien or security interest in such collateral.

7. This Order does not grant authority to the Debtor to pay any pre-petition obligation, expense, or debt or to pay any administrative expense claims under Section 503(b)(9). Debtor may only pay such administrative expense claims upon further order of this Court after the filing of an appropriate motion and notice of the same.

**8. The final hearing on Debtor's Motion shall be held in Courtroom 1 of the United States Bankruptcy Court for the District of Oregon, 1050 SW Sixth Avenue, #700, Portland, Oregon 97204, on _____, 2019 at \_\_\_:\_\_\_ \_\_.m.**

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

Page 3 of 4

{00226460:5}

INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 13    Filed 11/05/19

**9.** A copy of this Order and Notice of the final hearing on Debtor's Motion shall be served within two (2) days of entry of this Order pursuant to FRBP 7004 upon: (a) Debtor's 20 largest unsecured creditors; (b) any known creditors claiming a security interest in or lien on Cash Collateral; (c) the U.S. Trustee; and (d) all persons who have requested notice pursuant to Bankruptcy Rule 2002. Objections, if any, to the relief requested in the motion shall be in writing, shall state the name of the objecting party and the nature of the claim or interest of such party, shall state with particularity the reasons for the objections to the relief requested, and shall be served upon counsel for Debtor, Nicholas J Henderson, Motschenbacher & Blattner LLP, 117 SW Taylor St., Ste. 300, Portland, Oregon 97204 and filed, together with proof of service, with the Court no later than the deadline provided in the Notice (LBF 541.1) which accompanies this Order when served.

###

I certify that I have complied with the requirements of LBR 9021-1 (a)(2)(A).

Order Presented by:

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
117 SW Taylor Street, Suite 300
Portland, OR 97204
Telephone: 503-417-0500
Facsimile: 503-417-0508
E-mail: nhenderson@portlaw.com
Of Attorneys for Debtor

Service List:

First Class Mail:
Keybank NA
William G. Gisel Jr.
4910 Tiedeman Rd
Brooklyn OH 44144

Craig Russillo
Alex Poust
Schwabe Williamson & Wyatt
PacWest Center
1211 SW Fifth Avenue Suite 1900
Portland, OR 97204

Electronic Mail:
The foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system.

Page 4 of 4

{00226460:5}

INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 13    Filed 11/05/19

| | | 11/3/2018 | 11/10/2018 | 11/17/2018 | 11/24/2018 | 12/1/2018 | 12/8/2018 | 12/15/2018 | 12/22/2018 | 12/29/2018 | 1/5/2019 | 1/12/2019 | 1/19/2019 | 1/26/2019 | 2/2/2019 | 2/9/2019 | 2/16/2019 | 2/23/2019 | 3/2/2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Cash on hand (beginning of week)** | 300.00 | 300.00 | 38,550.00 | 15,320.00 | 19,650.00 | 42,400.00 | 70,650.00 | 47,420.00 | 36,750.00 | 34,500.00 | 94,750.00 | 72,620.00 | 58,850.00 | 56,600.00 | 54,350.00 | 122,600.00 | 95,010.00 | 103,700.00 | 101,450.00 |
| **CASH RECEIPTS** | | | | | | | | | | | | | | | | | | | |
| Sales of livestock | | - | 20,000.00 | - | 25,000.00 | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Milk Check Income | | 100,000.00 | - | - | - | 90,000.00 | - | - | - | 120,000.00 | - | - | - | 130,000.00 | - | - | - | - | - |
| Other Income | | - | - | 15,000.00 | - | - | - | - | - | - | - | - | - | - | - | 15,000.00 | - | - | - |
| **TOTAL CASH RECEIPTS** | | 100,000.00 | - | 15,000.00 | 25,000.00 | 90,000.00 | - | - | - | 120,000.00 | - | - | - | 130,000.00 | - | 15,000.00 | - | - | - |
| Financing (loans, line of credit, etc) | | 1,100.00 | - | - | - | 1,100.00 | - | - | - | 1,100.00 | - | - | - | 1,100.00 | - | - | - | - | - |
| **Total cash available** | $300.00 | 99,200.00 | 38,550.00 | 30,320.00 | 44,650.00 | 131,300.00 | 70,650.00 | 47,420.00 | 36,750.00 | 153,400.00 | 94,750.00 | 72,620.00 | 58,850.00 | 56,600.00 | 183,250.00 | 122,600.00 | 110,010.00 | 103,700.00 | 101,450.00 |
| **CASH PAID OUT** | | | | | | | | | | | | | | | | | | | |
| **OPERATING EXPENSES** | | | | | | | | | | | | | | | | | | | |
| Car and truck expenses | | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Feed, veterinary, breeding and medicine | | 50,000.00 | - | - | - | 50,000.00 | - | - | - | 50,000.00 | - | - | - | 50,000.00 | - | - | - | - | - |
| Freight and trucking | | 1,500.00 | - | - | - | 1,500.00 | - | - | - | 1,500.00 | - | - | - | 1,500.00 | - | - | - | - | - |
| Gasoline, fuel, and oil | | - | - | 1,800.00 | - | - | - | 1,800.00 | - | - | - | 1,800.00 | - | - | - | 1,800.00 | - | - | - |
| Insurance (other than health) | | - | - | 2,260.00 | - | - | - | 2,260.00 | - | - | - | 2,260.00 | - | - | - | 2,260.00 | - | - | - |
| Contract Labor | | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 |
| Payroll | | - | 14,480.00 | - | - | - | 14,480.00 | - | - | - | 14,480.00 | - | - | - | 14,480.00 | - | - | - | - |
| Payroll Taxes | | - | 3,400.00 | - | - | - | 3,400.00 | - | - | - | 3,400.00 | - | - | - | 3,400.00 | - | - | - | - |
| Co-Op Fees and Charges | | 4,900.00 | - | - | - | 4,900.00 | - | - | - | 4,900.00 | - | - | - | 4,900.00 | - | - | - | - | - |
| Rent or Lease Payments | | - | 4,360.00 | - | - | - | 4,360.00 | - | - | - | 4,360.00 | - | - | - | 4,360.00 | - | - | - | - |
| Repairs and maintenance | | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Supplies | | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Taxes | | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Utilities | | - | 3,100.00 | - | - | - | 3,100.00 | - | - | - | 3,100.00 | - | - | - | 3,100.00 | - | - | - | - |
| Other expenses and misc. | | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| **SUBTOTAL** | | 58,650.00 | 23,230.00 | 10,670.00 | 2,250.00 | 58,650.00 | 23,230.00 | 10,670.00 | 2,250.00 | 58,650.00 | 20,130.00 | 13,770.00 | 2,250.00 | 2,250.00 | 58,650.00 | 27,590.00 | 6,310.00 | 2,250.00 | 2,250.00 |
| **OTHER CASH OUTFLOWS** | | | | | | | | | | | | | | | | | | | |
| Key Bank, NA | | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Capital purchases | | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Owner Living Expenses (Estimated) | | 2,000.00 | - | - | - | 2,000.00 | - | - | - | 2,000.00 | - | - | - | 2,000.00 | - | - | - | - | - |
| **TOTAL CASH PAID OUT** | | 60,650.00 | 23,230.00 | 10,670.00 | 2,250.00 | 60,650.00 | 23,230.00 | 10,670.00 | 2,250.00 | 58,650.00 | 22,130.00 | 13,770.00 | 2,250.00 | 2,250.00 | 60,650.00 | 27,590.00 | 6,310.00 | 2,250.00 | 2,250.00 |
| **Cash on hand (end of week)** | 300.00 | 38,550.00 | 15,320.00 | 19,650.00 | 42,400.00 | 70,650.00 | 47,420.00 | 36,750.00 | 34,500.00 | 94,750.00 | 72,620.00 | 58,850.00 | 56,600.00 | 54,350.00 | 122,600.00 | 95,010.00 | 103,700.00 | 101,450.00 | 99,200.00 |

EXHIBIT 1 - Page 1 of 1

Case 19-34037-pcm12    Doc 13    Filed 11/05/19