UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re:

ERIC L. SILVA,

Debtor.

Case No. 19-34037-pcm12

NOTICE OF HEARING

YOU ARE NOTIFIED THAT A HEARING at which testimony will not be received, **WILL BE HELD AS FOLLOWS**:

DEBTOR'S MOTION FOR AUTHORITY TO PAY PREPETITION PAYROLL, PAYROLL TAXES, AND WORKERS' COMPENSATION PREMIUMS (the "Motion),

WILL BE HELD in Courtroom #1 at the U.S. Bankruptcy Court located at 1050 SW Sixth Ave., #700, Portland, OR 97204 on November 6th at 2:00 p.m.

OUT OF TOWN parties wishing to appear at the hearing by telephone may call the Toll Free Call-In No. (888) 684-8852; Access Code: 1238244. See attached Court's LBF 888 (Telephone Hearing Requirements). Each participant must comply with each hearing requirement listed on LBF 888. Note: If you have problems connecting, call the court at (503) 326-1500.

A copy of the Motion was served on all participants of the Court's Case Management/Electronic Case File system on November 5, 2019. If you wish to obtain an additional copy of the Motion please contact Debtor's counsel, Nicholas J. Henderson, Motschenbacher & Blattner LLP, 117 SW Taylor Street, Suite 300, Portland, OR 97204, phone: (503) 417-0500, or e-mail: nhenderson@portlaw.com.

Page **1** of **2**    NOTICE OF HEARING

{00315506:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 14    Filed 11/05/19

## TELEPHONE HEARING REQUIREMENTS

1. You must call in and connect to the telephone hearing line or personally appear in the judge's courtroom no later than your scheduled hearing time. The court will not call you.

2. You may be asked to call again from another phone if your connection is weak or creates static or disruptive noise.

3. Please mute your phone when you are not speaking. If you do not have a mute function on your phone, press *6 to mute and *6 again to unmute if you need to speak. Do not put the court on hold if it will result in music or other noise. If available, set the phone to "Do Not Disturb" so it will not ring during the hearing.

4. When it is time for you to speak, take your phone off the "speaker" option or headset to minimize background noise and improve sound quality. Position the telephone to minimize paper rustling. Do not use a keyboard or talk with others in the room. Be aware that telephone hearings may be amplified throughout the courtroom.

5. Do not announce your presence until the court calls your case. Simply stay on the line, even if there is only silence, until the judge starts the hearings, and then continue to listen quietly until your case is called.

6. Whenever speaking, first identify yourself. When the court calls your case, it's helpful if the moving party speaks first to avoid multiple parties speaking at the same time.

7. Be on time. The judge may handle late calls the same as a late appearance in the courtroom.

Clerk, U.S. Bankruptcy Court

888 (12/1/13)

**Nicholas J Henderson, OSB #074027**
**Troy G. Sexton, OSB #115184**
Motschenbacher & Blattner LLP
117 SW Taylor St., Ste. 300
Portland, OR 97204
Phone: 503-417-0508
Fax: 503-417-0528
nhenderson@portlaw.com
tsexton@portlaw.com

Of Proposed Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>ERIC L. SILVA,<br><br>Debtor. | Case No. 19-34037-pcm12<br><br>MOTION FOR AUTHORITY TO PAY PREPETITION PAYROLL, PAYROLL TAXES, AND WORKERS' COMPENSATION PREMIUMS<br><br>**Expedited Hearing Requested** |

The Debtor Eric L. Silva ("Debtor"), requests entry of an order authorizing the Debtor to pay prepetition payroll, payroll taxes, employee health insurance premiums and workers' compensation insurance premiums and all other employee expenses associated with its current payroll (for the period October 1, 2019 through October 31, 2019) on its next regularly scheduled payday (November 12, 2019) and in support, represents and states:

1.  On October 31, 2019, the Debtor commenced a reorganization case by the filing of a voluntary petition under Chapter 12 of the United States Bankruptcy Code (the "Code").

2.  Pursuant to Section 1203 of the Code, the Debtor is continuing in possession of his property and is operating and managing his business as a Debtor-in-Possession.

Page 1 of 5    MOTION FOR AUTHORITY TO PAY PREPETITION PAYROLL,
               PAYROLL TAXES, AND WORKERS' COMPENSATION PREMIUMS
{00314103:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 14    Filed 11/05/19

3. Debtor seeks authority to pay any prepetition wages, commissions, other compensation, vacation and paid leave, federal and state withholding taxes, payroll taxes, and all other employee benefits that the Debtor pays in the ordinary course of business. Debtor also seeks authority to honor prepetition checks for wages, commissions, payroll taxes, employee health insurance premiums and workers' compensation insurance premiums which may not have cleared the bank by the Petition date.

4. In the case of wages, commissions, federal and state withholding taxes, and payroll taxes, Debtor requests authority to pay these amounts on the next regularly scheduled payroll, which is November 12, 2019. Attached hereto as **Exhibit 1** to the proposed form of Order granting this motion (**Exhibit A**) are the amount of wages and commissions per employee which Debtor seeks authority to pay. The amounts that Debtor requests authority to pay is limited to the priority amount of 11 USC § 507(a), and is limited to the current pay period October 1, 2019 through October 31, 2019. With respect to other compensation, vacation and paid leave and all other employee benefits, Debtor requests authority to pay these amounts in the ordinary course of business.

5. Pursuant to Code Sections 507(a)(4), 507(a)(5), and 105, and the judicially recognized "necessity of payment doctrine," Debtor requests authority to pay any prepetition wages, commissions, other compensation, vacation and paid leave, federal and state withholding taxes, payroll taxes, contributions to employee-benefit plans, and all other employee benefits that the Debtor pays in the ordinary course of business.

6. Gross Wages and commissions for the November 12, 2019 payday is approximately $14,800.00. The amount due for the pay period for other payroll obligations and all associated payroll taxes for the November 12, 2019 payday is estimated to be not more than $2,000. The total amount of Debtor's request is $16,800.

Page 2 of 5 MOTION FOR AUTHORITY TO PAY PREPETITION PAYROLL, PAYROLL TAXES, AND WORKERS' COMPENSATION PREMIUMS

{00314103:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 14    Filed 11/05/19

# ARGUMENT

As the Court stated in *In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989), "the paramount policy and goal of Chapter 11, to which all other bankruptcy policies are subordinated, is the rehabilitation of the Debtor. This policy was clearly articulated by the United States Supreme Court in *NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed. 2d 482 (1984) when the Court stated, 'the fundamental purpose of reorganization is to prevent the debtor from going into liquidation, with an attendant loss of jobs and possible misuse of economic resources.'" *In re Ionosphere* at 176-177 (citations omitted). The *Ionosphere* Court went on to note that "Section 105 may indeed empower the Bankruptcy Courts to authorize the immediate payment of prepetition claims when essential to the survival of a debtor." Id. at 177; see also *In re Baldwin United Corp.*, 765 F.2d 343, 348 (2d Cir. 1985).

Like the Court in *Ionosphere*, the Bankruptcy Court in *In re Chateaugay Corp.*, 80 B.R. 279 (S.D.N.Y. 1987), authorized the Debtor to pay certain prepetition wages, salaries, reimbursement expenses and employment benefits, as well as certain workers compensation obligations, which claims totaled in excess of $250 million. A group of similarly situated creditors (who the debtor did not seek authorization to pay) attacked the Court's order on grounds that such selective payments violated Section 507 of the Code. On appeal, the District Court rejected this argument and explained:

> "A rigid application of the priorities of §507 would be inconsistent with the fundamental purpose of reorganization and of the Act's grant of equity powers to bankruptcy courts, which is to create a flexible mechanism that will permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately."

The District Court thus upheld the Bankruptcy Court's order, which had concluded that if sound business judgment exists to pay certain prepetition claims, and the payments serve to preserve and maximize the value of the debtor's estate, the Court should authorize the payments. Id. at 282.

Page 3 of 5

{00314103:1}

MOTION FOR AUTHORITY TO PAY PREPETITION PAYROLL, PAYROLL TAXES, AND WORKERS' COMPENSATION PREMIUMS

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 14    Filed 11/05/19

In *In re Gulf Air, Inc.*, 112 B.R. 152 (Bankr. W.D. La. 1989), the Court applied the "necessity of payment" doctrine and authorized the debtor to pay certain prepetition employee claims. In *Gulf Air*, the debtor (a charter air carrier) sought authority to pay all prepetition amounts owed to salaried and hourly employees, and flight crew members, including their prepetition expenses. Furthermore, the debtor sought authority to pay prepetition health and life insurance premiums for employees and their dependents, in addition to workers' compensation.

The debtor in that case asserted that the success of the reorganization was dependent upon continued employment of its skilled employees. Without immediate payment to the employees, the employees would cease working, thereby leaving the debtor incapable of operating. The Court determined that the immediate payment of the employee claims was in the best interest of the debtor and its estate, and authorized the debtor to pay the prepetition employee claims.

Debtor owns and operates a dairy cattle farm in Beaver, Oregon and currently employs about six employees. Debtor breeds and sells cows for dairy production. Debtor has long-time customer relationships for purchase of its production. If Debtor is unable to pay its employees, the employees will suffer hardship and likely cease working. If Debtor fails to maintain its relationship with its core buyers and fails to fulfill its pending orders, it will lose goodwill with its customers and likely lose substantial amounts of business. The loss of the revenue stream from those sources would inhibit a successful reorganization and devalue the estate significantly.

Allowing Debtor to pay its employees' prepetition claims is necessary to both preserve the value of the estate and to put Debtor in a position in which its can successfully reorganize.

/ / /

/ / /

/ / /

Page 4 of 5     MOTION FOR AUTHORITY TO PAY PREPETITION PAYROLL,
{00314103:1}    PAYROLL TAXES, AND WORKERS' COMPENSATION PREMIUMS

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 14    Filed 11/05/19

WHEREFORE, Debtor respectfully requests that this Court enter an order allowing Debtor to pay the payroll and other payroll related items referred to herein.

DATED: November 5, 2019

                                MOTSCHENBACHER & BLATTNER LLP

                                By:/s/Nicholas J. Henderson
                                   Nicholas J. Henderson, OSB #074027
                                   Troy G. Sexton, OSB #115184
                                   Of Proposed Attorneys for Debtor-in-Possession

Page 5 of 5   MOTION FOR AUTHORITY TO PAY PREPETITION PAYROLL, PAYROLL TAXES, AND WORKERS' COMPENSATION PREMIUMS

{00314103:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 14    Filed 11/05/19

# EXHIBIT A

# PROPOSED ORDER

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re:

ERIC L. SILVA,

Debtor.

Case No. 19-34037-pcm12

ORDER GRANTING MOTION FOR AUTHORITY TO PAY PREPETITION PAYROLL, PAYROLL TAXES, AND WORKERS' COMPENSATION PREMIUMS

THIS MATTER having come before the Court upon Debtor, Eric L. Silva's ("Debtor"), Motion for Authority to Pay Prepetition Payroll, Payroll Taxes, and Workers' Compensation Premiums [Dkt. ____] (the "Payroll Motion") filed by the Debtor and the matter having come before the Court for hearing and the Court being duly advised in the premises and finding good cause therefore;

/ / /

/ / /

/ / /

Page 1 of 2   ORDER GRANTING MOTION FOR PREPETITION AUTHORITY TO PAY
PREPETITION PAYROLL, PAYROLL TAXES, EMPLOYEE HEALTH
{00314103:1}   INSURANCE PREMIUMS AND WORKERS' COMPENSATION PREMIUMS

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 14    Filed 11/05/19

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1) The Debtor's Payroll Motion is GRANTED; and

2) The Debtor is authorized to pay prepetition payroll, payroll taxes, and workers' compensation insurance premiums and all other employee expenses associated with its current payroll (for the period October 1, 2019 through October 31, 2019) on its next regularly scheduled payday (November 12, 2019).

###

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

MOTSCHENBACHER & BLATTNER LLP

By:/s/Nicholas J. Henderson
   Nicholas J. Henderson, OSB #074027
   Troy G. Sexton, OSB #115184
   Of Proposed Attorneys for
   Debtor-in-Possession

**First Class Mail:**

None.

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system.

Page 2 of 2

{00314103:1}

ORDER GRANTING MOTION FOR PREPETITION AUTHORITY TO PAY PREPETITION PAYROLL, PAYROLL TAXES, EMPLOYEE HEALTH INSURANCE PREMIUMS AND WORKERS' COMPENSATION PREMIUMS

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12     Doc 14     Filed 11/05/19

# EXHIBIT 1

# PAYROLL AMOUNTS

{00314103:1}

In re: Eric L. Silva
Bank. Case No. 19-34037-pcm12

# EXHIBIT 1
# PAYROLL AMOUNTS

| Emp. Initial | Gross Wages Owed as of 10/31/19 | Employee Taxes Withheld | Total Accrued Vacation as of 10/31/19 | Claim Amt. | Priority Amt. | Available Vacation |
|---|---|---|---|---|---|---|
| J.O | $2,980.00 | $469.00 | $687.69 | $3,667.69 | $3,667.69 | $687.69 |
| J.C. | $2,740.00 | $421.00 | $632.31 | $3,372.31 | $3,372.31 | $632.31 |
| P.M. | $2,160.00 | $306.00 | $498.46 | $2,658.46 | $2,658.46 | $498.46 |
| P.C. | $2,200.00 | $314.00 | $507.69 | $2,707.69 | $2,707.69 | $507.69 |
| C.R. | $2,200.00 | $314.00 | $507.69 | $2,707.69 | $2,707.69 | $507.69 |
| E.E. | $2,200.00 | $314.00 | $507.69 | $2,707.69 | $2,707.69 | $507.69 |
| **Totals** | **$14,480.00** | **$2,138.00** | **$3,341.54** | **$17,821.54** | **$17,821.54** | **$3,341.54** |

\* Employment taxes withheld are estimated based on historical data. The employer's share of employment withholdings and workers compensation premiums is estimated to be $3,400.

{00314099:1}