DISTRICT OF OREGON
**F I L E D**
**November 08, 2019**
**Clerk, U.S. Bankruptcy Court**

Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

In re:

ERIC L. SILVA,

Debtor.

Case No. 19-34037-pcm12

INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

This matter came before the Court on the Motion For Interim Order Under Sections 361 and 363 of the Bankruptcy Code, Authorizing Debtor to Use Cash Collateral and to Grant Adequate Protection [ECF Doc #13] filed by Eric Silva (the "Debtor"), as debtor-in-possession. Based on the entire record of this case, the Court makes the following findings of fact and conclusions of law:

A.  On October 31, 2019 (the "Petition Date"), the Debtor filed herein a voluntary petition under Chapter 12 of the Bankruptcy Code. As of the date hereof, no trustee or examiner has been requested or appointed and no official committee of creditors has been appointed.

/ / / / /

/ / / / /

Page 1 of 6

{00315702:3}

INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND SCHEDULING FINAL HEARING

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 21    Filed 11/08/19

B. The following creditor (the "Secured Creditor") may claim a lien in the Debtor's cash collateral (as defined in 11 USC § 363(a)), as follows:

| Creditor | Approx. Amount Owing | Collateral Value | Brief Collateral Description |
|---|---|---|---|
| KeyBank, NA | $1,390,431.37 | $4,820,000 | All Assets, Real Estate and Cattle |

C. The relief requested in the motion is necessary to avoid immediate and irreparable harm to Debtor's property.

D. Absent authority to use cash collateral, the Debtor's property will be immediately and irreparably harmed. The Debtor's use of cash collateral will enable it to maintain the going concern value of its business and the value of Debtor's dairy cattle.

E. The adequate protection offered to the Secured Creditors in the motion is reasonable and appropriate in the circumstances.

Based on the foregoing, it is hereby ORDERED that:

1. The Debtor is authorized to use $153,450 of cash collateral for the period of November 4, 2019, through and including December 7, 2019 (the "Interim Budget Period") in accordance with the attached Exhibit 1 (the "Budget"). Debtor's authority to use Cash Collateral is limited to the uses set forth in the Budget.

2. As adequate protection, the Secured Creditor is granted replacement liens upon all post-petition assets of the Debtor which are of the same type as its pre-petition collateral, with the same relative priority that existed as of the Petition Date. This Order shall operate to create, attach, and perfect the foregoing replacement liens granted to Secured Creditor without the need for Secured Creditor to undertake any other perfection procedures.

3. As further adequate protection Debtor shall:

A. commencing November 15, 2019, and on or before 12:00 noon Pacific time on each Friday thereafter, provide Secured Creditor with a report containing the following information: (i) Cash income for the prior week and for the period since the Petition Date; (ii)

Page 2 of 6

{00315702:3}

INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND SCHEDULING FINAL HEARING

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 21    Filed 11/08/19

Cash expenditures by Budget line items for the prior week and for the period since the Petition Date; and (iii) a comparison of actual weekly and cumulative income and expenditures by line item to the Budget's weekly and cumulative income and expenditures by line item.

B. continue to maintain insurance on Debtor's assets, excluding the Debtor's livestock

C. not incur any indebtedness with priority over the liens and security interests of Secured Creditor; and

D. not sell any of its assets, other than inventory in the ordinary course of business, without Bankruptcy Court approval. Debtor shall provide Secured Creditor with 5 days' advance written notice prior to the sale of any livestock that is done within the Debtor's ordinary course of business. Such notice shall inform Secured Creditor of the location of the livestock to be sold, the proposed terms of the sale, and the identity of the proposed auction house or proposed buyer.

4. The occurrence of any of the following shall be a termination event ("Termination Event") under this Order:

A. Debtor fails to timely and fully perform or observe any material provision of this Order including, without limitation, any violation of the restrictions on the use of Cash Collateral or failure to make timely reports and accountings as set forth in this Order.

B. Conversion of the Debtor's chapter 12 case to a case under chapter 7, the cessation of substantially all of Debtor's customary and ordinary business activities, a trustee is appointed or the removal of Debtor as debtor-in-possession.

C. On a rolling 5 week basis, exceed a budget expense line item by more than ten percent (10%) or generate less than ninety percent (90%) of a budget revenue line item.

5. Upon the occurrence of a Termination Event Secured Creditor shall be entitled to terminate the Debtor's use of cash collateral, and such rights of the Debtor shall immediately terminate unless this Court orders otherwise after a hearing on not less than 48 hours' notice.

Page 3 of 6

{00315702:3}

INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND SCHEDULING FINAL HEARING

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 21    Filed 11/08/19

Secured Creditor's failure to take any action permitted under this paragraph upon the occurrence of a Termination Event shall not constitute a waiver or abandonment of any rights or remedies.

6. Debtor will timely perform and complete all actions necessary and appropriate to protect Secured Creditors' collateral against diminution in value.

7. Nothing in this Order shall be construed to (a) grant a security interest in the Debtor's avoidance powers; (b) convert any pre-petition obligations into post-petition obligations; (c) require payment of any obligations on confirmation of a plan of reorganization, except as otherwise provided under the Bankruptcy Code; (d) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtor, or its assets or (e) enhance the secured position of any creditor as of the Petition Date. Further, nothing in this order shall preclude Secured Creditor from asserting claims for any further amounts that may be owed by the Debtor.

8. Debtor is authorized to execute and deliver to Secured Creditor such instruments considered by each Secured Creditor to be necessary or desirable to perfect the secured interests and liens given to the Secured Creditor, and the Secured Creditor is authorized to receive, file, and record the same.

9. Nothing contained in this Order shall constitute a determination as to the amount, validity, or priority of any pre-petition obligation, security interest, or lien and all rights of parties in interest to claim that any pre-petition lien or security interest in Debtor's property is unperfected, unenforceable, invalid, or voidable, are reserved. Additionally, nothing in this Order shall constitute an admission or acknowledgement by Debtor that any party has a valid or perfected lien in the cash of Debtor now existing or subsequently received, and the references herein to "Cash Collateral" are without prejudice to all rights, defenses, and claims of Debtor to contend that any party does not have a perfected lien or security interest in such collateral.

10. Nothing in this Order prohibits Secured Creditor from seeking additional adequate protection, relief from the automatic stay, or any other remedy available under applicable law.

Page 4 of 6    INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND SCHEDULING FINAL HEARING

{00315702:3}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 21    Filed 11/08/19

11. This Order does not grant authority to the Debtors to pay any pre-petition obligation, expense, or debt or to pay any administrative expense claims under Section 503(b)(9). Debtors may only pay such administrative expense claims upon further order of this Court after the filing of an appropriate motion and notice of the same.

**12. The final hearing on Debtors' Motion shall be held in Courtroom 1 of the United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Avenue, #700, Portland, Oregon 97204, on December 3, 2019, at 1:30 p.m.**

13. A copy of this Order and Notice of the final hearing on Debtors' Motion shall be served within two (2) days of entry of this Order pursuant to FRBP 7004 upon: (a) Debtors' 20 largest unsecured creditors; (b) any known creditors claiming a security interest in or lien on Cash Collateral; (c) the U.S. Trustee; and (d) all persons who have requested notice pursuant to Bankruptcy Rule 2002. Objections, if any, to the relief requested in the motion shall be in writing, shall state the name of the objecting party and the nature of the claim or interest of such party, shall state with particularity the reasons for the objections to the relief requested, and shall be served upon counsel for Debtor, Nicholas J Henderson, Motschenbacher & Blattner, LLP, 117 SW Taylor St., Ste. 300, Portland, Oregon 97204 and filed, together with proof of service, with the Court no later than the deadline provided in the Notice (LBF 541.1) which accompanies this Order when served.

###

I certify that I have complied with the requirements of LBR 9021-1 (a)(2)(A).

Order Presented by:

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
117 SW Taylor Street, Suite 300
Portland, OR 97204
Telephone: 503-417-0500
E-mail: nhenderson@portlaw.com
Of Attorneys for Debtor

Page 5 of 6    INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND SCHEDULING FINAL HEARING

{00315702:3}

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 21    Filed 11/08/19

## SERVICE LIST FOR ORDER:

**Service by First Class Mail:**

Keybank NA
William G. Gisel Jr.
4910 Tiedeman Rd
Brooklyn OH 44144

Craig Russillo
Alex Poust
Schwabe Williamson & Wyatt
PacWest Center
1211 SW Fifth Avenue Suite 1900
Portland, OR 97204

**Service by ECF/Electronic Mail:**

To be served on all CM/ECF participants through the Court's Case Management/Electronic Case File system.

Page 6 of 6   INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND SCHEDULING FINAL HEARING

{00315702:3}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 21    Filed 11/08/19

In re: Eric Silva Case No.:
19-34037-pcm12

Exhibit 1: Projected Cash Flow Budget

| | | 11/3/2018 | 11/10/2018 | 11/17/2018 | 11/24/2018 | 12/1/2018 | 12/8/2018 | 12/15/2018 | 12/22/2018 | 12/29/2018 | 1/5/2019 | 1/12/2019 | 1/19/2019 | 1/26/2019 | 2/2/2019 | 2/9/2019 | 2/16/2019 | 2/23/2019 | 3/2/2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Cash on hand (beginning of week)** | 300.00 | 300.00 | 38,550.00 | 35,320.00 | 39,650.00 | 62,400.00 | 89,650.00 | 66,420.00 | 55,750.00 | 53,500.00 | 113,750.00 | 90,620.00 | 76,850.00 | 74,600.00 | 72,350.00 | 139,600.00 | 112,010.00 | 120,700.00 | 118,450.00 |
| **CASH RECEIPTS** | | | | | | | | | | | | | | | | | | | |
| Sales of livestock | | - | 20,000.00 | - | 25,000.00 | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Milk Check Income | | 100,000.00 | - | - | - | 90,000.00 | - | - | - | 120,000.00 | - | - | - | - | 130,000.00 | - | - | - | - |
| Other Income | | - | - | 15,000.00 | - | - | - | - | - | - | - | - | - | - | - | - | 15,000.00 | - | - |
| **TOTAL CASH RECEIPTS** | | 100,000.00 | 20,000.00 | 15,000.00 | 25,000.00 | 90,000.00 | - | - | - | 120,000.00 | - | - | - | - | 130,000.00 | - | 15,000.00 | - | - |
| Financing (loans, line of credit, etc) | | 1,100.00 | - | - | - | 1,100.00 | - | - | - | 1,100.00 | - | - | - | - | 1,100.00 | - | - | - | - |
| **Total cash available** | $300.00 | 99,200.00 | 58,550.00 | 50,320.00 | 64,650.00 | 151,300.00 | 89,650.00 | 66,420.00 | 55,750.00 | 172,400.00 | 113,750.00 | 90,620.00 | 76,850.00 | 74,600.00 | 201,250.00 | 139,600.00 | 127,010.00 | 120,700.00 | 118,450.00 |
| **CASH PAID OUT** | | | | | | | | | | | | | | | | | | | |
| **OPERATING EXPENSES** | | | | | | | | | | | | | | | | | | | |
| Car and truck expenses | | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Feed, veterinary, breeding and medicine | | 50,000.00 | - | - | 50,000.00 | - | - | - | - | 50,000.00 | - | - | - | - | 50,000.00 | - | - | - | - |
| Freight and trucking | | 1,500.00 | - | - | 1,500.00 | - | - | - | - | 1,500.00 | - | - | - | - | 1,500.00 | - | - | - | - |
| Gasoline, fuel, and oil | | - | 1,800.00 | - | - | - | 1,800.00 | - | - | - | 1,800.00 | - | - | - | - | 1,800.00 | - | - | - |
| Insurance (other than health) | | - | - | 2,260.00 | - | - | - | 2,260.00 | - | - | - | 2,260.00 | - | - | - | - | 2,260.00 | - | - |
| Contract Labor | | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 |
| Payroll | | - | 14,480.00 | - | - | - | 14,480.00 | - | - | - | 14,480.00 | - | - | - | - | 14,480.00 | - | - | - |
| Payroll Taxes | | - | 3,400.00 | - | - | - | 3,400.00 | - | - | - | 3,400.00 | - | - | - | - | 3,400.00 | - | - | - |
| Co-Op Fees and Charges | | 4,900.00 | - | - | - | 4,900.00 | - | - | - | 4,900.00 | - | - | - | - | 4,900.00 | - | - | - | - |
| Rent or Lease Payments | | - | - | 4,360.00 | - | - | - | 4,360.00 | - | - | - | 4,360.00 | - | - | - | - | 4,360.00 | - | - |
| Repairs and maintenance | | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Supplies | | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Taxes | | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Utilities | | - | 3,100.00 | - | - | - | 3,100.00 | - | - | - | - | 3,100.00 | - | - | - | - | 3,100.00 | - | - |
| Other expenses and misc. | | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| **SUBTOTAL** | | 58,650.00 | 23,230.00 | 10,670.00 | 2,250.00 | 58,650.00 | 23,230.00 | 10,670.00 | 2,250.00 | 58,650.00 | 20,130.00 | 13,770.00 | 2,250.00 | 2,250.00 | 58,650.00 | 27,590.00 | 6,310.00 | 2,250.00 | 2,250.00 |
| **OTHER CASH OUTFLOWS** | | | | | | | | | | | | | | | | | | | |
| Key Bank, NA | | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Bookkeeper/Accountant | | - | - | - | - | 1,000.00 | - | - | - | 1,000.00 | - | - | - | 1,000.00 | - | - | - | - | 1,000.00 |
| Capital purchases | | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Owner Living Expenses (Estimated) | | 2,000.00 | - | - | - | 2,000.00 | - | - | - | 2,000.00 | - | - | - | 2,000.00 | - | - | - | - | - |
| **TOTAL CASH PAID OUT** | | 60,650.00 | 23,230.00 | 10,670.00 | 2,250.00 | 61,650.00 | 23,230.00 | 10,670.00 | 2,250.00 | 58,650.00 | 23,130.00 | 13,770.00 | 2,250.00 | 2,250.00 | 61,650.00 | 27,590.00 | 6,310.00 | 2,250.00 | 3,250.00 |
| **Cash on hand (end of week)** | 300.00 | 38,550.00 | 35,320.00 | 39,650.00 | 62,400.00 | 89,650.00 | 66,420.00 | 55,750.00 | 53,500.00 | 113,750.00 | 90,620.00 | 76,850.00 | 74,600.00 | 72,350.00 | 139,600.00 | 112,010.00 | 120,700.00 | 118,450.00 | 115,200.00 |

EXHIBIT 1 - Page 1 of 1

Case 19-34037-pcm12    Doc 21    Filed 11/08/19