UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re _____ ) Case No. _____
                                                                  )
                                                                  ) **Notice of Motion for Relief**
                                                                   ) **from Automatic Stay in a**
                                                                   ) **Chapter 11/12 Case,**
Debtor(s)                               ) **and Notice of Hearing Thereon**

**YOU ARE NOTIFIED THAT**:

1. A motion was filed by _____ for relief from the automatic stay protecting the debtor(s) and debtor's property, as provided by 11 U.S.C. § 362.

2. The name and address of the moving party's attorney (or moving party, if no attorney) are:

3. If you wish to resist the motion you must, within 14 days of the service date shown below, file a written response with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401. If the response is served in paper, you must also file a certificate showing the response has been served on the moving party's attorney.

4. A response must state the facts upon which relief from the automatic stay is resisted. See LBF 720.50 for details.

5. If you file a timely response, a hearing on the motion will be held as follows:

    **Date:** _____                   **Time:** _____

    **Location**:    Courtroom #____, _____

                    Telephone Hearing [**NOTE**: See LBF 888, Telephone Hearing Requirements]
                    **Call-In Number:**      (888) 684-8852
                    **Access Code:**        4950985 for Judge Trish M. Brown (tmb)
                                              5870400 for Judge David W. Hercher (dwh)
                                              1238244 for Judge Peter C. McKittrick (pcm)
                                              3388495 for Judge Thomas M. Renn (tmr)
                                              Other _____

No testimony will be taken at the hearing. If no timely response is filed, the hearing may be cancelled. Parties are encouraged to check the hearing calendar at https://www.orb.uscourts.gov after the response deadline has passed.

6. If a timely response is not filed, then either:

   a. The court may sign an order without further notice, submitted by the moving party, granting relief from the stay; or

   b. The stay will expire under the terms of 11 U.S.C. § 362(e).

I certify that on _____ (1) this notice, (2) LBF 720.50 if this notice was served on paper, (3) LBF 888 if this notice was served on paper and a telephone hearing will be held, and (4) the motion, were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 4001 and FRBP 7004 on the debtor(s), U.S. Trustee, trustee, members of any committee appointed pursuant to 11 U.S.C. § 1102 or its authorized agent [or, if no committee, on all creditors included on the list filed pursuant to FRBP 1007(d)], and their respective attorneys.

_____
Signature of Moving Party or Attorney

Darren J. Devlin, Esq. [SBN 971211]
The Law Offices of Jason C. Tatman, A.P.C.
5677 Oberlin Drive, Suite 210
San Diego, CA  92121
(844) 252-6972
Fax (858) 348-4976
jt@nationwidereconveyance.com
Attorneys for Secured Creditor and Movant
Kubota Credit Corporation

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF OREGON—PORTLAND DIVISION

| | |
|---|---|
| In re:<br><br>ERIC L. SILVA,<br><br>        Debtor. | Case No: 19-34037-pcm12<br><br>Chapter 12<br><br>MOTION FOR RELIEF FROM AUTOMATIC STAY<br><br>Date: 12/30/2019<br>Time: 1:30 pm<br>Ctrm: telephonic hearing (see attached Notice for instructions) |

Secured Creditor and Movant Kubota Credit Corporation ("Creditor"), respectfully moves the Court pursuant to 11 U.S.C. § 362 (d) and Bankruptcy Rule 4001, for relief from the automatic stay.  As grounds for its Motion, Creditor states:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157 (b) (2).  Venue is proper pursuant to 28 U.S.C. § 1409.

2. Debtor Eric L. Silva ("Debtor"), filed a voluntary petition for relief under Chapter 12 of the United States Bankruptcy Code on October 31, 2019.  Virginia Andrews Burdette is the duly qualified and acting Chapter 12 Trustee.

3. On or about November 23, 2015, Debtor, for valuable consideration, made, executed, and delivered to Creditor a written Retail Installment Sale Contract ("Note"), for the finance and purchase of a Kubota MX4700F, Vehicle Identification Number 11658

("Collateral"). A true and correct copy of the Note is attached herein as Exhibit A and is incorporated herein by reference.

4. Debtor has defaulted under the terms of the Note by failing to make payment due August 23, 2019, and all payments due thereafter. Arrears now exist in the amount of $1,095.40 representing four (4) payments and late charges.

5. The total amount due and owing under the Note as of December 10, 2019, is $4,301.24.

6. Creditor seeks to enforce its security interest in the Collateral pursuant to the terms of the Note, and therefore seeks relief from the automatic stay.

7. Pursuant to 11 U.S.C. § 362 (d) (1), the automatic stay may be modified or terminated "for cause, including lack of adequate protection in the property." Moreover, under § 362(d)(2), the automatic stay shall be terminated "with respect to a stay of an act against property . . . if – (A) the debtor does not have equity in such property." 11 U.S.C. § 362(d)(2).

8. Creditor's interest in the Collateral is not adequately protected within the meaning of 11 U.S.C. §§ 361 and 362(d)(1). The lack of adequate protection of Creditor's interest in the Collateral constitutes cause for lifting the automatic stay under 11 U.S.C. § 362(d)(1) of the Code.

9. Creditor respectfully requests that the Court grant Creditor the relief requested herein and permit Creditor to pursue all rights and remedies available to it with respect to the Collateral.

WHEREFORE, Creditor respectfully requests this Court enter an Order terminating the automatic stay with regard to the Collateral in order to permit Creditor to pursue its remedies under state law in connection with the Collateral, and for such other relief as the Court deems just and proper.

Dated:  December 11, 2019                    Respectfully submitted,

                                             */s/Darren J. Devlin*
                                             Darren J. Devlin, Esq.
                                             Attorney for Secured Creditor and Movant
                                             Kubota Credit Corporation

2



# Kubota.
KUBOTA CREDIT CORPORATION, U.S.A.

**RETAIL INSTALLMENT CONTRACT**
**COMMERCIAL AND AGRICULTURAL**
**USE ONLY**

Account Number: ▮▮▮▮▮
State Governing Law: OREGON

**MEANING OF SOME WORDS.** You have been offered the opportunity to purchase products and services for the selling price and by signing below have agreed to pay the selling price plus a finance charge under this Retail Installment Contract. In this Retail Installment Contract (this "Contract"), "you" and "your" mean anyone who signs this Contract as "Buyer." The words "we," "us" and "our" mean Seller or, if Seller assigns (sells) this Contract to it, **Kubota Credit Corporation, U.S.A.** In this Contract, the word "Property" means the equipment and goods purchased by you and delivered by Dealer (see Description of the Property purchased below). Services purchased are also listed below. If there is more than one Buyer, each will be obligated, separately and together, to pay all sums due and to keep all promises made to us in this Contract. You represent and warrant that the products purchased hereunder will be used solely for commercial or business purposes. This Contract is between Seller and Buyer. All disclosures have been made by Seller.

### Description of Property Purchased

| Qty | N/U | Make | Model | Description w/attachments | Serial Number | Selling Price |
|---|---|---|---|---|---|---|
| 1 | NEW | KUBOTA | MX4700F | 2WD TRACTOR W/FOLDABLE ROP | 11658 | $ 16,000.00 |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |

| 1st Yr Used | Trade-In Description | Trade-In Make | Trade-In Model | Trade-In Serial Number | Trade-In Allowance |
|---|---|---|---|---|---|
| | | NEW HOLLAND | B30 | | $ 2,000.00 |
| | | | | | $ 0.00 |
| | | | | | $ 0.00 |

☐ **Optional Extended Warranty:** (Not applicable unless checked) With your purchase of Property, you have elected to purchase an Optional Extended Warranty for $_____ to cover _____. This Optional Extended Warranty is not required to obtain credit. This Optional Extended Warranty will be in effect for _____.

**Seller:** BOYD'S IMPLEMENT SERVICE, LLC 2850 LATIMER RD, TILLAMOOK OR 97141
Name / Address

**Buyer:** ERIC LEONARD SILVA D/B/A SUNSET CANYON JERSEYS 26755 BLANKENSHIP RD
Name / Street or Route
BEAVER     TILLAMOOK     OR     97108
City or Town / County / State / Zip Code

### YOUR PAYMENT SCHEDULE

| No. of Payments | Amount of Payments | When Payments Are Due | No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|---|---|---|
| 59 | 267.17 | Monthly beginning on 12/23/2015 | | | |
| 1 | 266.97 | 11/23/2020 | | | |

**CREDIT LIFE INSURANCE IS NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU COMPLETE A SEPARATE APPLICATION FOR CREDIT INSURANCE, MEET THE ELIGIBILITY REQUIREMENTS AND AGREE TO PAY THE ADDITIONAL COST.** Your decision to buy or not to buy credit life insurance through our affiliate is not a factor in our approval for this extension of credit. Credit insurance is designed to reduce or pay off the insured balance of your loan if you die. If you chose to protect your loan with credit insurance a copy of the application/certificate outlining the terms and conditions of the program will be provided to you with your loan documents. Credit insurance is voluntary and may be cancelled at any time. **NOTE:** Credit life insurance will not be offered to commercial purchasers unless they are sole proprietors.

<u>Promise To Pay And Contract Terms Begin On Next Page</u>

RECEIVED NOV 2 4 2015

B37S.PDF April 2015 Page 1 of 5          20151123:11:37:42:1

Case 19-34037-pcm12     Doc 62     Filed 12/11/19




**RETAIL INSTALLMENT CONTRACT COMMERCIAL AND AGRICULTURAL USE ONLY**

Account Number: [redacted]
State Governing Law: **OREGON**

### ITEMIZATION OF AMOUNT FINANCED

1. **CASH PRICE**
   - a. Cash Sale Price of Property  $ 16,000.00
   - b. Sales Tax  $ 0.00
   - c. Fuel  $ 0.00
   - d. Delivery Fee  $ 0.00
   - e. Setup Fee  $ 0.00
   - f. Tire / Battery Tax  $ 0.00
   - g. Total Cash Price
     (Amounts on line 1a thru 1f)  $ 16,000.00

2. **DOWNPAYMENT**
   - a. Cash Downpayment  $ 4,065.05
   - b. Your Trade-in allowance(s):
     (See Page 1)  $ 2,000.00
   - c. Less:
     - i. Amount Owing:  $ 6,065.05
       Paid To: CNHI INDUSTRIAL CAPITAL
     - ii. Amount Owing:  $ 0.00
       Paid To: _____
     - iii. Amount Owing:  $ 0.00
       Paid To: _____
   - d. Net Trade-in (Amounts on line b- c(i)-c(ii)-c(iii))  $ -4,065.05
   - e. Manufacturer's Rebate  $ 0.00
   - f. Dealer Credit  $ 0.00
   - g. Total Down Payment
     (Amounts on line 2a + 2d+ 2e + 2f)  $ 0.00

3. **UNPAID BALANCE OF CASH PRICE**
   (Amount on line 1g - Amount on line 2g)  $ 16,000.00

4. **ADDITIONAL AMOUNTS PAID**
   - a. Paid to Public Officials
     - i. For Filing:  $ 30.00
     - ii. For Release:  $ included in Filing Fee
     - iii. For Titling and Registration:  $ 0.00
     - iv. _____  $ 0.00
   - b. To: _____
     For: _____  $ 0.00
   - c. To: _____
     For: _____  $ 0.00
   - d. To: _____
     For: _____  $ 0.00
   - e. To: _____
     For: _____  $ 0.00
   - f. To: Dealer
     For: Documentary Fee  $ 0.00
   - g. To: _____
     For: Optional Extended Warranty  $ 0.00
   - h. To: _____
     For: Property Insurance  $ 0.00
   - i. To: _____
     For: Credit Life Insurance  $ N/A
   - j. Total Additional Amounts Paid
     (Amounts on line 4a(i) thru (iv) plus 4b thru 4i)  $ 30.00

5. **AMOUNT FINANCED** (Amounts on line 3 + 4j)  $ 16,030.00

A substantial portion of the amounts in 4b thru 4i may be paid to or retained by us.





**RETAIL INSTALLMENT CONTRACT
COMMERCIAL AND AGRICULTURAL
USE ONLY**

KUBOTA CREDIT CORPORATION, U.S.A.

Account Number: ▓▓▓▓▓▓▓▓
State Governing Law: OREGON

1. **PROMISE TO PAY AND PAYMENT TERMS.** You promise to pay us $ 16,030.00 plus a finance charge on the unpaid amount until paid in full. We will assess a finance charge at the rate of 0.00 % per annum (the "Contract Rate") until paid in full unless otherwise changed below. The finance charge will begin to accrue on 11/23/2015. The Contract Rate will change to N/A % per annum beginning in the N/A month of this Contract, and continue at that rate until the balance due under this Contract is paid in full. When we calculate the finance charge, every year shall have 365 days. You promise to pay a finance charge at the Contract Rate on the unpaid amount ("Principal Balance") under this Contract until it is paid in full. You promise to make payments in the number, amount(s) and at the time(s) shown in **Your Payment Schedule**. Early payments may decrease the total amount you pay; late payments may increase the total amount you pay. We will apply each payment on the date of its receipt. Unless we agree differently in writing, or the law requires otherwise, payments will be applied in the following order: (1) Accrued unpaid finance charge, (2) Principal due as of the payment date, (3) Late charges, (4) Other amounts owed to us including dishonored check charges and **Advances to Protect the Property**, (5) Outstanding Principal Balance. If on the final payment date shown in **your Payment Schedule** you still owe amounts under this Contract, you will pay those amounts in full on the final payment due date. You will make all payments to Kubota Credit Corporation, U.S.A., PO Box 0559, Carol Stream, IL 60132-0559 or any other address to which we later tell you (in writing) to send your payments. We do not intend to charge or collect anything more than the law allows. If we charge or collect anything more than the law allows, we will apply the excess first to the unpaid scheduled monthly payments, and we will refund any excess if you have paid in full all amounts you owe under this Contract. Any amount applied to unpaid scheduled monthly payments will be treated as a partial prepayment.

2. **LATE CHARGE; DISHONORED CHECK CHARGE.** You agree to pay a late charge in the amount of 5% of the delinquent installment if a payment is at least 10 days late. If a check, draft, or electronic transfer you give us for payment on your account is not paid or is dishonored by your financial institution, you will pay us a dishonored check charge of $25.00, to the extent permitted by law and after we give you any notice required by law.

3. **YOUR RIGHT TO PREPAY.** You have the right to make payments at any time before they are due without penalty. Unless we agree differently in writing, or the law requires otherwise, any prepaid amounts will be applied in the order provided for regular payments in Section 1 of this Contract.

4. **OUR SECURITY INTEREST.** To secure payment of all sums due or which become due under this Contract, and your performance of all other terms of this Contract, you grant us a security interest in (1) the Property, and all current and future accessions, attachments, accessories, and additions, (2) your rights to refunds of premiums for and payments under, and proceeds of any insurance purchased under this Contract, (3) any substitutions or replacements of the foregoing, and (4) proceeds and products of all of the foregoing (collectively, the "Collateral"). In addition, and to the extent allowed under the laws of the state of Your Address, you also grant us a security interest in (a) any other property as to which we already have an existing security interest based on a prior transaction and (b) any property you obtain in the future that is subject to a security interest held by us (the items in clauses (a) and (b) are together referred to as the "Additional Collateral"). Our security interest in the Collateral and the Additional Collateral shall remain in effect until you have paid in full all amounts due under this Contract. You will pay any filing or recording fees necessary and sign any documents for us to get and keep in force our first priority security interest, and pay any release, discharge or termination fees, after the Contract is paid in full. You authorize us to sign and file financing statements covering the Collateral and the Additional Collateral without your signature. You authorize us to sign and file a copy of this Contract as a financing statement.

5. **LOCATION OF PROPERTY.** Until all amounts owed under this Contract are paid in full, you promise that the Property will be located at the address at the top of this Contract ("Your Address"). You promise not to move the Property from Your Address without our written permission.

6. **REQUIRED INSURANCE.** You agree to maintain insurance on the Property ("Required Insurance") at your expense until all amounts owed under this Contract are paid in full. This insurance is to be in amounts and types required by us and must be issued by a financially responsible insurance company acceptable to us. You will name our assignee, Kubota Credit Corporation, U.S.A., as a non-contributory loss payee on this insurance policy and will provide us with satisfactory proof of insurance upon request.

**You have the right to purchase insurance or provide existing coverage through any insurance company or agent of your choice that is reasonably acceptable to us.**

In the event of a loss to the Property, you shall give prompt notice to us and the insurance carrier. If you fail to promptly notify or make proof of loss to the insurance carrier, we may do so on your behalf. We may, if we want, use any insurance proceeds to reduce any amounts owing under this Contract. You authorize us to adjust your losses, and sign your name to any check, draft or other papers necessary to obtain such insurance payments. You authorize any insurer to pay us directly. If insurance proceeds paid to us do not pay off all amounts you owe us under this Contract in full, you are responsible for the balance.

If at any time you fail to buy or keep in force the Required Insurance, we may (but are not required to) get it for you, at your expense. You agree that any insurance we purchase may be for the protection of only our interest in the Property, may not fully protect you in the event of a loss, and may be for such reasonable period as we determine. If we decide, in our sole discretion, to obtain insurance, we will notify you of that fact. You understand that the insurance premiums may be higher if we must purchase the insurance than might be the case if you had purchased the insurance.

If you have chosen to finance the purchase of insurance on the Property under this Contract you may cancel this insurance at any time. If you cancel this insurance, you must have other insurance coverage that complies with the terms of the Contract. Upon cancellation of your original insurance, you will receive a short rate premium refund which reflects the period during which the insurance was in effect and the administrative expense in placing this insurance or such other amount as required by law. See your insurance documents for information regarding cancellation.

You agree that we or one of our affiliates may earn a fee or commission in connection with placement of any insurance sold in connection with this Contract to the extent permitted by law. You authorize us to release to third parties any information necessary to monitor the status of insurance on your Property, and to get the insurance described in this Contract.

**INSURANCE FOR BODILY INJURY, LIABILITY, PROPERTY DAMAGE TO OTHERS, PUBLIC LIABILITY OR FINANCIAL RESPONSIBILITY LAWS IS NOT INCLUDED IN THIS TRANSACTION.**

7. **CARE OF THE PROPERTY.** You agree that:

   A. **Use of the Property.** You will keep the Property in your possession and in good condition and repair. You will use the Property only for its intended and lawful purposes.

   B. **No Sale.** You will not sell or transfer any rights in the Property without getting our permission in writing first.

   C. **Taxes and Assessments.** You will pay when due any taxes, fees, expenses, and assessments on or against the Property.

   D. **Our Right to Inspect.** You will provide us reasonable access to inspect the Property. If your Property is on rented property, you authorize us and your landlord to exchange information about our security interest in your Property and past due payments on this Contract or your lease.

   E. **Limited Power of Attorney.** You grant us and any corporate officer designated by us a limited power of attorney, which cannot be cancelled, to sign any documents reasonably necessary to register or perfect our security interest in the Collateral, or to insure, protect, sell or otherwise deal with the Collateral in the event of your default. This power of attorney may not be used for a confession of judgment. You authorize us to sign your name to any document as necessary to collect proceeds of Required Insurance due us.

8. **DEFAULT.** You will be in default on this Contract if: (1) you fail to make when due any payment under this Contract; (2) you do not do anything this Contract requires of you; (3) you die, are judged incompetent or become the subject of a bankruptcy or insolvency proceeding or dissolve or otherwise terminate your existence; (4) you have supplied us with misleading, false, incomplete or incorrect information; (5) the Property in which we retain a security interest is transferred, stolen or significantly damaged, or (6) you default or become delinquent in satisfying other obligations you owe us.

9. **REMEDIES.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Our remedies include but are not limited to the following:

   A. **Entire Balance Due Immediately.** Subject to any requirements under state law we may demand that you pay us in full all amounts you owe under this Contract.

   B. **Advances to Protect the Property.** We may, but are not required to, (1) pay taxes, insurance premiums, fees, expenses, charges or assessments relating to the Property, (2) satisfy liens on, or (3) make repairs to the Property if you have not done so as required in this Contract. Any amounts we pay may be added to the balance you owe us and will be secured by the Collateral or we may demand that you repay these amounts immediately. We will assess finance charge at the Contract Rate on any such amounts not repaid immediately by you to the extent permitted by law.

   C. **Collection Costs; Attorney's Fees.** You will pay our reasonable expenses for collecting amounts you owe us, including, without limitation, court costs, reasonable attorneys' fees and all other reasonable expenses we incur, to the extent permitted by applicable law.



**Kubota.**
KUBOTA CREDIT CORPORATION, U.S.A.

**RETAIL INSTALLMENT CONTRACT
COMMERCIAL AND AGRICULTURAL
USE ONLY**

Account Number
State Governing Law: **OREGON**

**D. Repossession.** We may repossess the Property if you are in default. You agree that we can peaceably come onto your property to do this. We can ask you to give us the Property at a reasonably convenient place. You agree to give us the Property if we ask.

Any money received from the disposition of the Property will be used to pay costs and expenses you owe and then to pay the amount you owe on the Contract. If there is money remaining, we will pay it to you. If there is not enough money from the sale to pay what you owe, you agree to pay that amount except where prohibited by law. You also agree to pay the costs of repossessing, storing, repairing, preparing for sale and selling the Property as may be allowed by law. Notwithstanding the foregoing, where permitted by law, any surplus resulting from the disposition of Property may be offset against any other obligation you owe us.

**E. Cancel Financed Insurance.** We may cancel any insurance we financed for you, obtain a refund of unearned premiums, and apply it against amounts owing under this Contract.

**F. Cumulative Remedies.** By choosing any one or more of these remedies, we do not lose our right to later use one or more other remedies, except as limited by applicable law. Exercise of any one or more remedies against one or more of you will not prevent us from pursuing any other remedy or remedies against any one or more of you in the future. If we do not act on any default, we do not give up our right to later treat that type of event as a default.

**10. OTHER TERMS AND CONDITIONS.** If you are executing this Contract on behalf of an entity you represent that the transaction has been authorized by the entity and you have the authority to execute this Contract on behalf of the entity. If you are executing this Contract as an individual you agree: (A) that if you are married, and residing in a community property state, both your community property and separate property will be liable for all payments due under this Contract; and (B) that you waive all marital rights, homestead exemption and other exemptions relating to any property in which you granted us a security interest. In either case, you agree that to correct clerical errors, or to facilitate our sale of any interest in this Contract to an investor, or to further the intent of the transaction as contemplated, within fifteen (15) days of our request, to the extent permitted by law, you will (i) execute, or initial, and deliver to us any documents we require, and (ii) cooperate and take any actions we reasonably request.

**11. OBLIGATIONS INDEPENDENT.** Each of you who signs this Contract is responsible independently to pay all amounts which are due or become due under it and to keep the other promises made in this Contract.

**12. WAIVER.** Unless the law or this Contract provides otherwise, we are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time, or manner; or (3) give notice that we intend to make, or are making, this Contract immediately due.

**13. CREDIT INFORMATION AND FURNISHING OF NEGATIVE INFORMATION TO CREDIT BUREAUS.** We may investigate your credit history and credit capacity in connection with opening, updating, modifying, extending, and/or collecting your account, and share information about you and your account with credit bureaus or pursuant to an order, decree, subpoena or other validly issued judicial or administrative process. We also may verify your employment, income, assets, and debts; and anyone receiving a copy of this Contract is hereby authorized to release such information to us. **We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.**

**14. LAW THAT APPLIES TO THIS CONTRACT.** This Contract is governed by the applicable laws of the state of Your Address. This Contract is not subject to Article 3 of the Uniform Commercial Code and is not a negotiable instrument.

**15. ARBITRATION AGREEMENT.**

**A. Mandatory Arbitration:** Unless otherwise stated in this Contract, any "Dispute" shall, at the election of Buyer, Seller or Seller's Assignee ("the Parties"), be resolved by a neutral, binding arbitration, and not by a court of law. This procedure includes any Dispute over the interpretation, scope, or validity of this Contract, this arbitration agreement or the arbitrability of any issue, with the sole exception of the Parties' waiver of any right to bring a class action or to participate in a class action as provided for under Paragraph G, which shall be solely determined by the appropriate court, if necessary. This arbitration agreement applies to the Parties, including their respective employees or agents, as to all matters which arise out of or relate to this Contract or are in any way connected with the purchase and sale or financing of the Property, or any resulting transaction or relationship.

**B. Dispute:** The term "Dispute" means any action, dispute, claim, or controversy of any kind arising out of, in connection with or in any way related to the Contract, the sale of the Property, financing, origination, servicing, service contract, collection, reporting, or any other aspect whatsoever of the past, present, or future relationship or conduct of the Parties. The term "Dispute" includes, without limitation: claims under federal or state laws; claims in tort or contract; claims under statutes or common law; claims at law or in equity; any other past, present or future claims, counterclaims, cross-claims, third party claims, interpleaders or otherwise; and any claim relating to the interpretation, applicability, enforceability or formation of this arbitration agreement, including but not limited to, any claim that all or part of this arbitration agreement, except Paragraph G, is void, voidable or unconscionable.

**C. Rules:** Except as otherwise provided herein, any arbitration will be administered by the American Arbitration Association ("AAA"). The AAA rules may be obtained by mail from 120 Broadway, 21st Floor, New York, New York 10271, by telephone at 800-778-7879, or on the internet at www.adr.org. In the event the AAA is unable or unwilling to serve as arbitration administrator and the Parties cannot mutually agree upon a substitute, a substitute administrator and/or arbitrator shall be appointed in accordance with the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. ("FAA"). The arbitration will be conducted under the applicable AAA rules or the applicable rules of any substitute administrator that are in effect on the date the arbitration is commenced unless those rules are inconsistent with this arbitration agreement, in which case this arbitration agreement shall govern. In any arbitration, the arbitrator shall apply the law and the provisions of this arbitration agreement in deciding any Dispute. Unless the applicable rules provide otherwise, the arbitration award shall be issued without a written opinion.

**D. Location of the Arbitration Hearing:** The arbitration hearing shall be conducted in the federal judicial district where this Contract was executed.

**E. Standards and Law:** The Parties agree that the Contract and purchase of the Property involves interstate commerce and that this arbitration agreement is governed by the FAA. The arbitrator shall strictly apply applicable substantive law and applicable statutes of limitation consistent with the FAA and shall honor claims of privilege recognized at law. Judgment upon any arbitrator's award may be entered by any court having competent jurisdiction.

**F. Jury Trial Waiver:** The Parties hereby agree to give up their respective rights to a trial by a jury.

**G. Class Action Waiver:** The Parties agree to give up any right they may have to bring a class action lawsuit or class arbitration, or to participate in either as a claimant. The Parties agree to give up any right to consolidate or join any arbitration proceeding with the arbitration of others. The Parties give up the right to serve as a private attorney general in any jurisdiction in which such procedure might be permitted.

**H. Punitive Damage Waiver:** The Parties waive any right to seek or recover punitive damages in any Dispute. No arbitrator shall have the power or authority to award punitive damages.

**I. Fees and Costs:** Fees and costs shall be paid and allocated in accordance with the procedures and rules of the applicable arbitration administrator.

**J. Self-Help:** Notwithstanding this arbitration agreement, the Parties retain the right to exercise self-help remedies and to seek provisional remedies from a court to obtain possession of the Property, pending final determination of the Dispute by the arbitrator. No Party waives the right to elect arbitration of a Dispute by exercising self-help remedies, filing suit, or seeking or obtaining provisional remedies from a Court.

**K. Severability:** If it is determined that any paragraph or provision in this arbitration agreement is illegal, invalid, or unenforceable, such illegality, invalidity or unenforceability shall not affect the other paragraphs and provisions of this arbitration agreement. The remainder of this arbitration agreement shall continue in full force and effect as if the severed paragraph or provision had not been included. Notwithstanding this severability provision, if a court of competent jurisdiction determines Paragraph G to be illegal, invalid, or unenforceable, the Parties agree that such waiver shall not be severed and that this arbitration agreement shall be void in its entirety.

**L. Survival of Arbitration Agreement:** This arbitration agreement will survive and continue in full force and effect notwithstanding cancellation, termination, amendment, payment in full, discharge in bankruptcy, or other expiration or conclusion of the Contract or any other contract or transaction between the Parties, unless otherwise agreed in writing. In addition, Buyer understands and acknowledges that the rights and responsibilities afforded to Seller under this arbitration agreement survive any assignment of the Contract by Seller and that Seller can enforce this arbitration agreement in the event a Dispute arises after the assignment of the Contract.

**FOR ALL DISPUTES COVERED BY THIS ARBITRATION AGREEMENT, THE PARTIES HAVE AGREED TO WAIVE THEIR RIGHT TO A TRIAL BY JURY, THEIR RIGHT TO PARTICIPATE IN CLASS ACTIONS, AND THEIR RIGHT TO SEEK PUNITIVE DAMAGES. EXCEPT FOR DISPUTES AND CLAIMS NOT SUBJECT TO THIS ARBITRATION AGREEMENT, ARBITRATION SHALL BE IN PLACE OF ANY CIVIL LITIGATION IN ANY COURT AND IN PLACE OF ANY TRIAL BY JURY. THE TERMS OF THIS ARBITRATION AGREEMENT AFFECT YOUR LEGAL RIGHTS. IF YOU DO NOT UNDERSTAND ANY TERMS OF THIS PROVISION OR THE COST, ADVANTAGES OR DISADVANTAGES OF ARBITRATION, SEEK INDEPENDENT ADVICE AND/OR CONTACT THE AMERICAN ARBITRATION**



KUBOTA CREDIT CORPORATION, U.S.A.

**RETAIL INSTALLMENT CONTRACT
COMMERCIAL AND AGRICULTURAL
USE ONLY**

Account Num
State Governing Law: OREGON

ASSOCIATION AT (800) 778-7879 BEFORE SIGNING THIS CONTRACT. BY SIGNING THIS CONTRACT, YOU ACKNOWLEDGE THAT YOU HAVE READ, UNDERSTAND AND AGREE TO BE BOUND BY EACH OF THE PROVISIONS, COVENANTS, STIPULATIONS AND AGREEMENTS SET FORTH ABOVE.

16. **ENTIRE AGREEMENT.** This Contract states the entire agreement between you and us, and may be changed only by a writing signed by you and us.

17. **DOCUMENTARY FEE.** Any Documentary Fee charged by the Seller is charged solely for purposes specified or otherwise allowed under the law of the state of Your Address.

18. **VALIDITY.** Wherever possible each provision of this Contract shall be interpreted in such a manner as to be effective and valid under applicable law. If a court decides that any part of the Contract is not valid, the rest of the Contract will be binding and effective.

## WARRANTY

A. NEW PRODUCTS - EACH NEW ITEM OF PROPERTY COVERED BY THIS CONTRACT IS SOLD SUBJECT TO THE WARRANTY OF THE MANUFACTURER OR DISTRIBUTOR APPLICABLE THERETO, AND NO OTHER WARRANTY, AND YOU HEREBY ACKNOWLEDGE RECEIPT OF A COPY OF SUCH WARRANTY. THE FOREGOING WARRANTY SHALL BE IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, UNLESS WITHIN 90 DAYS FROM THE DATE OF THIS CONTRACT, YOU ENTER INTO A SERVICE CONTRACT WITH THE SELLER WHICH APPLIES TO THE PROPERTY.

B. USED PRODUCTS

(1) UNLESS YOU HAVE RECEIVED FROM US A SEPARATE WRITTEN WARRANTY EXECUTED BY US OR, UNLESS WITHIN 90 DAYS FROM THE DATE OF THIS CONTRACT, YOU ENTER INTO A SERVICE CONTRACT WITH THE SELLER WHICH APPLIES TO THE PROPERTY. EACH USED ITEM OF PROPERTY COVERED BY THIS CONTRACT IS SOLD ON AN "AS IS BASIS" WITHOUT WARRANTY OF ANY KIND EXPRESSED OR IMPLIED, INCLUDING BUT NOT LIMITED TO THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE;

(2) THE ENTIRE RISK AS TO THE QUALITY AND PERFORMANCE OF THE PROPERTY IS WITH YOU; AND

(3) SHOULD THE PROPERTY PROVE DEFECTIVE FOLLOWING PURCHASE, YOU, AND NOT THE SELLER, ASSUME THE ENTIRE COST OF ALL NECESSARY SERVICING OR REPAIR.

**NOTICE OF ARBITRATION:** THIS CONTRACT PROVIDES FOR ARBITRATION. BY SIGNING BELOW, YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREED TO THE ARBITRATION PROVISION IN SECTION 15.

YOU ACKNOWLEDGE THAT YOU READ, SIGNED AND RECEIVED A COPY OF THIS RETAIL INSTALLMENT CONTRACT WITH ALL BLANKS COMPLETED.

Buyer: ERIC LEONARD SILVA
By: _Eric Leonard Silva_ Date: 11/23/15
Title: ___
By: ___ Date: ___
Title: ___

Seller: BOYD'S IMPLEMENT SERVICE, LLC
By: ___ Date: 11-23-15
Title: Co-Manager

You agree to jointly and severally guaranty payment of this Contract and all extensions, substitutions, and renewals of the Contract.

By: ___ Date: ___
Title: ___
By: ___ Date: ___
Title: ___

## ASSIGNMENT

This Contract is assigned to Kubota Credit Corporation, U.S.A. ☒ without recourse ☐ limited recourse ☐ full recourse ☐ negotiated recourse as those terms are defined in the Dealer Agreement executed by Dealer and Kubota Credit Corporation, U.S.A.

Dealer: BOYD'S IMPLEMENT SERVICE, LLC 2850 LATIMER RD. TILLAMOOK OR 971-___
By: ___ Date: 11-23-15 Title: Co-Manager



# UCC-1

**STATE OF OREGON**
Corporation Division - UCC
255 Capitol Street NE, Suite 151
Salem, Or 97310-1327
(503) 986-2200
FilingInOregon.com

Oregon Secretary of State
Filing Number: 90646116
Filing Date: Nov 27, 2015 04:46 AM

Filed Electronically

*Action:* Initial Filing

*Debtor -*
Individuals Name: ERIC LEONARD SILVA
Address 1: 26755 BLANKENSHIP RD
City: BEAVER
State: OR, USA
Zip Code: 97108

*Secured Party -*
Organization Name: Kubota Credit Corporation, U.S.A.
Address 1: 4400 Amon Carter Blvd. Ste. 100
City: Fort Worth
State: TX, USA
Zip Code: 76155

*Collateral -*
KUBOTA MX4700F 11658 2WD TRACTOR W/FOLDABLE ROPS;

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I am employed in the county of San Diego, California.  My business address is 5677 Oberlin Drive, Suite 210, San Diego, CA  92121.  I am over the age of eighteen years and not a party to this action. |

I am employed in the county of San Diego, California.  My business address is 5677 Oberlin Drive, Suite 210, San Diego, CA  92121.  I am over the age of eighteen years and not a party to this action.

On December 11, 2019, I served the Notice of Motion for Relief from Automatic Stay and Motion for Relief from Automatic Stay on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Encinitas, CA, as follows:

(X)	(BY REGULAR MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Encinitas, CA.  I am "readily familiar" with this firm's practice of collection and processing of correspondence for mailing.  It is deposited in the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the cancellation date or the postage meter date is more than 1 day after date of deposit for mailing affidavit.

(X)	(FEDERAL)   I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 11, 2019, at Encinitas, CA.

	*/s/ Darren J. Devlin*
	Darren J. Devlin, Esq.

Eric L. Silva, 26755 Blankenship Rd., Beaver, OR  97108

Nicholas J. Henderson, 117 SW Taylor St., Suite 300, Portland, OR  97204

Troy Sexton, 117 SW Taylor St., Suite 300, Portland, OR  97204

Virginia Andrews Burdette, *via ecf only*

U.S. Trustee, *via ecf only*

1
CERTIFICATE OF SERVICE

Case 19-34037-pcm12    Doc 62    Filed 12/11/19