Below is an order of the court.

**It is Further Ordered, that the reference to ECF Doc #52 below shall be amended to read ECF Doc #53.**

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re:

ERIC L. SILVA,

Debtor.

Case No. 19-34037-pcm12

FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

This matter came before the Court on the Amended Motion for Interim and Final Order Use of Cash Collateral and to Grant Adequate Protection [ECF Doc # 52] filed by Eric Silva (the "Debtor"), as debtor-in-possession. Based on the entire record of this case, the Court makes the following findings of fact and conclusions of law:

A. On October 31, 2019 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 12 of the Bankruptcy Code.

Page 1 of 7
{00323564:5}

FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 74    Filed 12/20/19

B. The following creditors (each a "Lien Creditor," and collectively the "Lien Creditors") have asserted liens in the Debtor's Cash Collateral (as defined in § 363(a)), as follows:

| Creditor | Approx. Claim Amount | Approx. Collateral Value[1] | Brief Description of Collateral |
|---|---|---|---|
| KeyBank, NA | $1,390,431.37 | $4,820,000 | All Personal Property and Cattle; Real Property at 26755 Blankenship Road, Beaver Oregon; and Real Property at 23220 Blaine Rd., Blankenship, Oregon |
| Purina Animal Nutrition LLC | $60,000 | $800,000 | Proceeds of Milk Sold to Tillamook Creamery; and Cattle and their proceeds |
| Fairview Trucking | $220,000 | $800,000 | Dairy Animals, Equipment, Land |
| Paula Wolf | $1,100,000 | $5,500,000 | Judgment lien on all Real Property; Specified Cattle |
| Richard Veeman dba Veterinary Services of Oregon | $42,001.84 | $800,000 | Dairy Cattle and Heifers |
| Boverman & Associates, LLC | $138,000 | $4,820,000 | Claim of Interest in KeyBank's Collateral |

C. The relief requested in the motion is necessary to avoid immediate and irreparable harm to Debtor's property.

D. Absent authority to use cash collateral, the Debtor's property will be immediately and irreparably harmed. The Debtor's use of cash collateral will enable it to preserve and protect its assets and maintain the going concern value of its business and the value of Debtor's dairy cattle.

E. The adequate protection offered to the Lien Creditors in the motion is reasonable and appropriate in the circumstances.

/ / / /

---

[1] The total value of the collateral is listed, without reduction for superior liens.

Page 2 of 7
{00323564:5}
FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 74    Filed 12/20/19

Based on the foregoing, it is hereby ORDERED that:

1. The Debtor is authorized to use $395,700 of cash collateral for the period of November 4, 2019, through and including March 7, 2020 (the "Budget Period") for actual and necessary expenses in accordance with the attached Exhibit 1 (the "Budget"). Debtor's authority to use Cash Collateral is limited to the uses set forth in the Budget, together with a 10% aggregate variance, measured on a rolling 5-week basis.

2. As adequate protection, each Lien Creditor is granted a replacement lien upon all post-petition assets of the Debtor which are of the identical description to its pre-petition collateral, with the same relative validity and priority that existed as of the Petition Date. Subject to the foregoing, the replacement liens so granted are in addition to all security interests, liens and rights of setoff existing on the Petition Date, and shall be valid, perfected, effective and enforceable without the necessity of the execution, filing or recording of any security agreements, financing statements, or other agreements, instruments or documents, including control agreements over bank accounts, or any further action by the Debtor or any Lien Creditor.

3. As further adequate protection Debtor shall:

   a. Commencing upon entry of this Order, and on or before 12:00 noon Pacific time on each Friday thereafter, provide Lien Creditors with a report containing the following information: (i) Cash income for the prior week and for the period since the Petition Date; (ii) Cash expenditures by Budget line items for the prior week and for the period since the Petition Date; (iii) a comparison of actual weekly and cumulative income and expenditures by line item to the Budget's weekly and cumulative income and expenditures by line item; and (iv) reporting in percentage form the aggregate variance for the reporting week;

   b. Continue to maintain insurance against loss, theft destruction and damage on Debtor's assets, excluding the Debtor's livestock, for the insurable value thereof;

   c. Debtor shall at all times maintain all machinery and equipment and other personal property in which KeyBank asserts a security interest or lien in good repair, working

Page 3 of 7
{00323564:5}

FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 74    Filed 12/20/19

order and condition, and make all needful and proper repairs, replacements, additions and improvements thereto, so that the Debtor's business may be properly conducted at all times in accordance with prudent business practice;

  d. Not incur any indebtedness with priority equal or senior to the liens and security interests of any Lien Creditor; and

  e. Not sell, convey, transfer, lease or otherwise dispose of, any of its assets or any interest therein, other than inventory in the ordinary course of business, without Bankruptcy Court approval after notice to the Lien Creditors and a hearing. Debtor shall provide Lien Creditors with 5 days' advance written notice prior to the sale of any livestock that is done within the Debtor's ordinary course of business. Such notice shall inform the Lien Creditors of the location of the livestock to be sold, the proposed terms of the sale, and the identity of the proposed auction house or proposed buyer.

  f. Segregate, in a separate account, proceeds from the sale of livestock, and shall not use such proceeds until Debtor's Plan is confirmed, or upon further order of the Court.

  g. File his Chapter 12 Plan no later than January 17, 2020, which shall provide for payments under the plan on a monthly basis, to begin immediately.

4. The occurrence of any of the following shall be a termination event ("Termination Event") under this Order:

  a. Debtor fails to timely and fully perform or observe any material provision of this Order including, without limitation, any violation of the restrictions on the use of Cash Collateral or failure to make timely reports and accountings as set forth in this Order.

  b. Conversion of the Debtor's chapter 12 case to a case under chapter 7, the cessation of substantially all of Debtor's customary and ordinary business activities, or the removal of Debtor as debtor-in-possession.

  c. On a rolling 5-week basis, exceed a budget expense line item by more than ten percent (10%) or generate less than ninety percent (90%) of a budget revenue line item.

Page 4 of 7
{00323564:5}

FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12 Doc 74 Filed 12/20/19

5. Upon the occurrence of a Termination Event Lien Creditors shall be entitled to terminate the Debtor's use of cash collateral, and such rights of the Debtor shall immediately terminate unless this Court orders otherwise after a hearing on not less than 48 hours' notice. Lien Creditors' failure to take any action permitted under this paragraph upon the occurrence of a Termination Event shall not constitute a waiver or abandonment of any rights or remedies.

6. Debtor will timely perform and complete all actions necessary and appropriate to protect Lien Creditors' collateral against diminution in value.

7. Nothing in this Order shall be construed to (a) grant a security interest in the Debtor's avoidance powers; (b) convert any pre-petition obligations into post-petition obligations; (c) require payment of any obligations on confirmation of a plan of reorganization, except as otherwise provided under the Bankruptcy Code; (d) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtor, or its assets or (e) enhance the secured position, if any, of any creditor as of the Petition Date. Further, nothing in this order shall preclude any Lien Creditor from asserting claims for any further amounts that may be owed by the Debtor.

8. Debtor is authorized to execute and deliver to each Lien Creditor such instruments considered by each Lien Creditor to be necessary or desirable to perfect the respective secured interests and liens given to the Lien Creditor, and the Lien Creditor is authorized to receive, file, and record the same.

9. Nothing contained in this Order shall constitute a determination as to the amount, validity, or priority of any pre-petition obligation, security interest, or lien and all rights of parties in interest to claim that any pre-petition lien or security interest in Debtor's property is unperfected, unenforceable, invalid, or voidable, are reserved. Additionally, nothing in this Order shall constitute an admission or acknowledgement by Debtor that any party has a valid or perfected lien in the cash of Debtor now existing or subsequently received, and the references herein to "Cash Collateral" are without prejudice to all rights, defenses, and claims of Debtor to contend that any party does not have a perfected lien or security interest in such collateral.

Page 5 of 7
{00323564:5}

FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 74    Filed 12/20/19

10. This Order does not grant authority to the Debtor to pay any pre-petition obligation, expense, or debt or to pay any administrative expense claims under 11 U.S.C. § 503(b)(9). Debtor may only pay such administrative expense claims upon further order of this Court after the filing of an appropriate motion and notice of the same.

11. Nothing contained in this Order shall be deemed a finding by the Bankruptcy Court or an acknowledgment by and Lien Creditor that the adequate protection granted herein does in fact adequately protect such Lien Creditor from any diminution in value of its interests in the collateral securing its claim. To the extent of any diminution of value due to Debtor's use of a Lien Creditor's collateral not otherwise protected by the terms of this Order, such Lien Crditor shall retain its rights under § 507(b) of the Bankruptcy Code.

12. Nothing in this Order shall preclude or limit Boverman & Associates, LLC (the "Receiver") to request entry of an order to protect all entities to which the Receiver as a custodian is obligated pursuant to 11 U.S.C. § 543(c)(1) or an order for payment of reasonable compensation pursuant to 11 U.S.C. § 543(c)(2).

13. This Order is without prejudice to the right of any Lien Creditor or other party in interest to have or bring or be heard on any matter brought before this Court, including but not limited to the right to seek relief from the automatic stay, abandonment of the estate's interest in collateral, dismissal or conversion of Debtor's case, or other action allowed by the Bankruptcy Code.

14. A copy of this Order shall be served within two (2) days of entry of this Order pursuant to FRBP 7004 upon: (a) any known creditors claiming a security interest in or lien on Cash Collateral; (b) the Chapter 12 Trustee; (c) the U.S. Trustee; and (d) all persons who have requested notice pursuant to Bankruptcy Rule 2002.

###

Page 6 of 7
{00323564:5}

FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 74    Filed 12/20/19

I certify that I have complied with the requirements of LBR 9021-1 (a)(2)(A).

Order Presented by:

| | |
|---|---|
| MOTSCHENBACHER & BLATTNER, LLP | Service List: |
| /s/ Nicholas J. Henderson<br>Nicholas J. Henderson, OSB #074027<br>117 SW Taylor Street, Suite 300<br>Portland, OR 97204<br>Telephone: 503-417-0500<br>E-mail: nhenderson@portlaw.com<br>Of Attorneys for Debtor | Electronic Mail:<br>The foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system. |

Page 7 of 7
{00323564:5}

FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-34037-pcm12    Doc 74    Filed 12/20/19

**EXHIBIT 1**

**PROPOSED BUDGET**

In re: Eric Silva Case No.:
19-34037-pcm12

Exhibit 1: Projected Cash Flow Budget

| | | 11/3/2019 | 11/10/2019 | 11/17/2019 | 11/24/2019 | 12/1/2019 | 12/8/2019 | 12/15/2019 | 12/22/2019 | 12/29/2019 | 1/5/2020 | 1/12/2020 | 1/19/2020 | 1/26/2020 | 2/2/2020 | 2/9/2020 | 2/16/2020 | 2/23/2020 | 3/1/2020 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Cash on hand (beginning of week)** | 300.00 | 300.00 | 38,550.00 | 35,320.00 | 39,650.00 | 62,400.00 | 89,650.00 | 66,420.00 | 55,750.00 | 53,500.00 | 113,750.00 | 90,620.00 | 76,850.00 | 74,600.00 | 72,350.00 | 139,600.00 | 112,010.00 | 120,700.00 | 118,450.00 |
| **CASH RECEIPTS** | | | | | | | | | | | | | | | | | | | |
| Sales of livestock | | - | 20,000.00 | - | 25,000.00 | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Milk Check Income | | 100,000.00 | | - | | 90,000.00 | - | - | 120,000.00 | - | - | - | - | 130,000.00 | - | - | - | - | - |
| Other Income | | - | - | 15,000.00 | - | - | - | - | - | - | - | - | - | - | - | - | 15,000.00 | - | - |
| **TOTAL CASH RECEIPTS** | | 100,000.00 | 20,000.00 | 15,000.00 | 25,000.00 | 90,000.00 | - | - | 120,000.00 | - | - | - | - | 130,000.00 | - | - | 15,000.00 | - | - |
| Financing (loans, line of credit, etc) | | 1,100.00 | - | - | - | 1,100.00 | - | - | - | 1,100.00 | - | - | - | - | 1,100.00 | - | - | - | - |
| **Total cash available** | $300.00 | 99,200.00 | 58,550.00 | 50,320.00 | 64,650.00 | 151,300.00 | 89,650.00 | 66,420.00 | 55,750.00 | 172,400.00 | 113,750.00 | 90,620.00 | 76,850.00 | 74,600.00 | 201,250.00 | 139,600.00 | 127,010.00 | 120,700.00 | 118,450.00 |
| **CASH PAID OUT** | | | | | | | | | | | | | | | | | | | |
| **OPERATING EXPENSES** | | | | | | | | | | | | | | | | | | | |
| Car and truck expenses | | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Feed, veterinary, breeding and medicine | | 50,000.00 | - | - | - | 50,000.00 | - | - | - | 50,000.00 | - | - | - | - | 50,000.00 | - | - | - | - |
| Freight and trucking | | 1,500.00 | - | - | - | 1,500.00 | - | - | - | 1,500.00 | - | - | - | - | 1,500.00 | - | - | - | - |
| Gasoline, fuel, and oil | | - | 1,800.00 | - | - | - | 1,800.00 | - | - | - | 1,800.00 | - | - | - | - | 1,800.00 | - | - | - |
| Insurance (other than health) | | - | - | 2,260.00 | - | - | - | 2,260.00 | - | - | - | 2,260.00 | - | - | - | - | 2,260.00 | - | - |
| Contract Labor | | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 |
| Payroll | | - | 14,480.00 | - | - | - | 14,480.00 | - | - | - | 14,480.00 | - | - | - | - | 14,480.00 | - | - | - |
| Payroll Taxes | | - | 3,400.00 | - | - | - | 3,400.00 | - | - | - | 3,400.00 | - | - | - | - | 3,400.00 | - | - | - |
| Co-Op Fees and Charges | | 4,900.00 | - | - | - | 4,900.00 | - | - | - | 4,900.00 | - | - | - | - | 4,900.00 | - | - | - | - |
| Rent or Lease Payments | | - | - | 4,360.00 | - | - | - | 4,360.00 | - | - | - | 4,360.00 | - | - | - | - | 4,360.00 | - | - |
| Repairs and maintenance | | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Supplies | | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Taxes | | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Utilities | | - | 3,100.00 | - | - | - | 3,100.00 | - | - | - | 3,100.00 | - | - | - | - | 3,100.00 | - | - | - |
| Other expenses and misc. | | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| **SUBTOTAL** | | 58,650.00 | 23,230.00 | 10,670.00 | 2,250.00 | 58,650.00 | 23,230.00 | 10,670.00 | 2,250.00 | 58,650.00 | 20,130.00 | 13,770.00 | 2,250.00 | 2,250.00 | 58,650.00 | 27,590.00 | 6,310.00 | 2,250.00 | 2,250.00 |
| **OTHER CASH OUTFLOWS** | | | | | | | | | | | | | | | | | | | |
| Key Bank, NA | | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Bookkeeper/Accountant | | - | - | - | - | 1,000.00 | - | - | - | - | 1,000.00 | - | - | - | 1,000.00 | - | - | - | 1,000.00 |
| Capital purchases | | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Owner Living Expenses (Estimated) | | 2,000.00 | - | - | - | 2,000.00 | - | - | - | 2,000.00 | - | - | - | - | 2,000.00 | - | - | - | - |
| **TOTAL CASH PAID OUT** | | 60,650.00 | 23,230.00 | 10,670.00 | 2,250.00 | 61,650.00 | 23,230.00 | 10,670.00 | 2,250.00 | 58,650.00 | 23,130.00 | 13,770.00 | 2,250.00 | 2,250.00 | 61,650.00 | 27,590.00 | 6,310.00 | 2,250.00 | 3,250.00 |
| **Cash on hand (end of week)** | 300.00 | 38,550.00 | 35,320.00 | 39,650.00 | 62,400.00 | 89,650.00 | 66,420.00 | 55,750.00 | 53,500.00 | 113,750.00 | 90,620.00 | 76,850.00 | 74,600.00 | 72,350.00 | 139,600.00 | 112,010.00 | 120,700.00 | 118,450.00 | 115,200.00 |

Case 19-34037-pcm12    Doc 74    Filed 12/20/19

EXHIBIT 1 - Page 1 of 1