UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                    ) Case No. _____
                                         )
                                         ) **Notice of Motion for Relief**
                                         ) **from Automatic Stay in a**
                                         ) **Chapter 11/12 Case,**
Debtor(s)                                ) **and Notice of Hearing Thereon**

**YOU ARE NOTIFIED THAT**:

1. A motion was filed by _____ for relief
   from the automatic stay protecting the debtor(s) and debtor's property, as provided by 11 U.S.C. § 362.

2. The name and address of the moving party's attorney (or moving party, if no attorney) are:


3. If you wish to resist the motion you must, within 14 days of the service date shown below, file a written
   response with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401.
   If the response is served in paper, you must also file a certificate showing the response has been served on
   the moving party's attorney.

4. A response must state the facts upon which relief from the automatic stay is resisted. See LBF 720.50 for
   details.

5. If you file a timely response, a hearing on the motion will be held as follows:


   **Date:** _____        **Time:** _____

   **Location**:    Courtroom #_____, _____

                    Telephone Hearing [**NOTE**: See LBF 888, Telephone Hearing Requirements]
                    **Call-In Number:**    (888) 684-8852
                    **Access Code:**       4950985 for Judge Trish M. Brown (tmb)
                                           5870400 for Judge David W. Hercher (dwh)
                                           1238244 for Judge Peter C. McKittrick (pcm)
                                           3388495 for Judge Thomas M. Renn (tmr)
                                           Other_____

No testimony will be taken at the hearing. If no timely response is filed, the hearing may be cancelled.
Parties are encouraged to check the hearing calendar at https://www.orb.uscourts.gov after the response
deadline has passed.

**1124 (12/1/2018)**                     Page 1 of 2

6. If a timely response is not filed, then either:

   a. The court may sign an order without further notice, submitted by the moving party, granting relief from the stay; or

   b. The stay will expire under the terms of 11 U.S.C. § 362(e).

I certify that on _____ (1) this notice, (2) LBF 720.50 if this notice was served on paper, (3) LBF 888 if this notice was served on paper and a telephone hearing will be held, and (4) the motion, were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 4001 and FRBP 7004 on the debtor(s), U.S. Trustee, trustee, members of any committee appointed pursuant to 11 U.S.C. § 1102 or its authorized agent [or, if no committee, on all creditors included on the list filed pursuant to FRBP 1007(d)], and their respective attorneys.

_____
Signature of Moving Party or Attorney

Tara J. Schleicher, OSB #954021
Tara.Schleicher@foster.com
Jason M. Ayres, OSB #001966
Jason.Ayres@foster.com
FOSTER GARVEY PC
Eleventh Floor
121 SW Morrison Street
Portland, Oregon 97204-3141
Telephone: (503) 228-3939
Facsimile: (503) 226-0259

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 19-34037-pcm12 |
| ERIC L. SILVA, | BOVERMAN & ASSOCIATES, LLC's MOTION FOR RELIEF FROM STAY |
| Debtor. | |

Boverman & Associates, LLC (the "Receiver") hereby moves this court for an Order Granting Relief from Stay to allow the Receiver to file a Notice of Intent to Employ Professionals *nunc pro tunc* in *Keybank National Association v. Eric Leonard Silva, et al*, Tillamook County Circuit Court ("State Court") case number 19CV38941 (the "State Court Proceeding"). The Receiver seeks relief from stay on a precautionary basis to file the Notice of Intent to Employ Professionals pursuant to ORS 37.310 because both KeyBank National Association ("KeyBank") and the Debtor are alleging that the Receiver's "professionals"[1]

---

[1] The Receiver does not believe that Mike Anderson and Tara Graciano are "professionals" under the Oregon Receivership Code; thus, the Receiver does not believe it was or is necessary to file a notice of intent to employ professionals that names them, particularly when the Order Appointing Receiver references and approves the use of "senior associates" and "associates" and their range of hourly rates, as set forth in a declaration submitted by the Receiver in support of its appointment. Regardless, Mr. Anderson and Ms. Graciano will be included in a Notice of Intent to Employ Professionals *nunc pro tunc* in State Court.

BOVERMAN & ASSOCIATES, LLC'S MOTION
FOR RELIEF FROM STAY - 1

FOSTER GARVEY P.C.
*eleventh floor*
*121 sw morrison street*
*portland, oregon 97204-3141*
*(503) 228-3939*

FG:10777865.1

Case 19-34037-pcm12    Doc 104    Filed 02/07/20

cannot be compensated in this bankruptcy case because the Receiver did not have time to file the Notice of Intent to Employ Professionals before this bankruptcy case was filed[2]. Although the Receiver disagrees with these claims and contends that its professionals are entitled to compensation as a matter of law, the Receiver requests an order modifying the stay to allow the Notice of Intent to Employ Professionals *nunc pro tunc* to be filed as a procedural formality. As discussed in detail below, at all times both KeyBank and the Debtor, through their counsel, acknowledged that the Receiver was represented by Foster Garvey P.C. ("Foster Garvey") and communicated through counsel for purposes of the receivership. This Motion is supported by the Declaration of Tara J. Schleicher ("Schleicher Dec."), the following points and authorities, and the records and submissions in this proceeding.

## BACKGROUND FACTS

1.      KeyBank filed a breach of note and foreclosure complaint against the Debtor (and creditors of the Debtor asserting secured claims to the Debtor's property) in September of 2019. Schleicher Dec., ¶ 2. KeyBank additionally moved for the appointment of a receiver. *Id*. Prior to the hearing on the appointment of the Receiver, KeyBank's counsel consulted with the Receiver's attorney and requested that both the Receiver and the Receiver's attorney appear at the hearing, which they agreed to do. *Id*. The Receiver informed Key Bank that if it was appointed, it would utilize the services of Mike Anderson, a consultant in the agribusiness and dairy industry, and Tara Graciano, as an administrative assistant/bookkeeper. *Id*. KeyBank was also informed that Mike Anderson would be attending the hearing and would meet with the representatives of the dairy operations, after the appointment, which he did along with the Receiver and the special assets officer for KeyBank. *Id*. Upon KeyBank's motion and after

---

[2] KeyBank by letter to the court dated January 30, 2020 claims to have withdrawn this argument but without prejudice and while reserving the right to assert an argument based on ORS 37.310 "in a future claim objection or other proceeding." Subsequent communications from KeyBank's counsel did not clarify its position. The Debtor represents that it disputes payments to the professionals in their entirety.

BOVERMAN & ASSOCIATES, LLC'S MOTION
FOR RELIEF FROM STAY - 2

FOSTER GARVEY P.C.
*eleventh floor*
*121 sw morrison street*
*portland, oregon 97204-3141*
*(503) 228-3939*

FG:10777865.1        Case 19-34037-pcm12     Doc 104     Filed 02/07/20

hearing testimony, the State Court entered an order appointing the Receiver on September 18, 2019 (the "Order Appointing Receiver"). *Id*. A true copy of the Order Appointing Receiver is attached as Exhibit 1 to the Schleicher Dec.

2.    As indicated, the Receiver retained Foster Garvey as counsel. Schleicher Dec., ¶ 3. Upon being appointed as Receiver, the Receiver and counsel began to take immediate steps to preserve and protect property of the Receivership Estate. *Id*. Immediate action was needed because the Debtor was incarcerated for his felony convictions for a period of time during which the Receiver was in charge and the dairy operations were in an extremely poor and deteriorating condition. *Id*.

3.    At all relevant periods of time, KeyBank acknowledged and understood that Foster Garvey was counsel for the Receiver and all communications were directed through Foster Garvey. Schleicher Dec., ¶ 4, Exhibit 2. This includes counsel for KeyBank directing creditors and counsel for interested parties to directly contact the Receiver's attorney. *Id*. In addition, after counsel for the Receiver began taking steps to locate cattle that the Debtor hid from the Receiver, KeyBank's attorney, Craig Russillo, acknowledged these efforts at different times by stating: "Glad you're onboard" and "I appreciate the effort to get me my cows." *Id*. (pages 15 and 17). Those efforts by the Receiver's counsel included issuing demand letters and subpoenas, contacting the Idaho Department of Transportation and arranging a meeting with the Debtor, Receiver and counsel for both parties. Schleicher Dec., ¶ 4. Moreover, the KeyBank loan officer also sent communications to the Receiver and Receiver's counsel including forwarding unsettling messages sent by the Debtor. Schleicher Dec., ¶ 4, Exhibit 3.

4.    The Debtor and his counsel additionally understood from the commencement of the receivership that Foster Garvey was counsel for the Receiver. Schleicher Dec., ¶ 5, Exhibit 4. This includes Mr. Henderson providing Ms. Schleicher with an acceptance of service prepared by the Receiver's counsel on September 20, 2019. *Id*. Thereafter, Ms. Schleicher communicated repeatedly with Mr. Henderson regarding the receivership and efforts

BOVERMAN & ASSOCIATES, LLC'S  MOTION
FOR RELIEF FROM STAY - 3

FOSTER GARVEY P.C.
*eleventh floor*
*121 sw morrison street*
*portland, oregon 97204-3141*
*(503) 228-3939*

FG:10777865.1

Case 19-34037-pcm12     Doc 104     Filed 02/07/20

to recover the missing cattle. *Id*. These communications include Mr. Henderson asking specific questions about the receivership and Mr. Henderson acknowledging to Ms. Schleicher that he will advise his client regarding his duties under the Order Appointing Receiver. *Id*. The Debtor repeatedly violated the Order Appointing Receiver as indicated in the email communications between counsel. *Id*. In addition, Mr. Henderson represented to the Receiver's attorney that the missing cattle had been "sold" in these communications. *Id*. Yet, after this bankruptcy was filed, the Debtor, through Mr. Henderson, admitted that cattle which had been hidden from the Receiver are now back in the possession of the Debtor. *Id*.

5.     Prior to accepting the receivership appointment, Mr. Boverman also determined that for the best outcome and cost, involving an appropriate industry specialist was appropriate; thus, he arranged for the Receiver to engage the services of Mike Anderson, a business consultant with extensive experience in agribusiness and dairy. Declaration of Daniel Boverman in Support of Motion for Payment of Compensation and Reimbursement of Costs and Expenses of Receiver Pursuant to 11 U.S.C. § 543(c) (Doc No. 85) ("Boverman Dec.") ¶ 2. Mr. Boverman had worked with Mr. Anderson when Mr. Anderson was Chief Executive Officer of Sunshine Dairy and Mr. Boverman was the Chief Restructuring Officer at Sunshine. *Id*. The Receiver also retained the services of an administrative and bookkeeping professional, Tara Graciano. *Id*. The Order Appointing Receiver specifically authorized the Receiver to engage the services of such professionals and counsel. Schleicher Dec., Exhibit 1, pp. 4 -5. In addition, the Declaration of Daniel Boverman in Support of the Motion to Appoint Receiver specifically sets forth the hourly billing rates of associates employed by the Receiver. See Declaration of Tara Schleicher in Support of Receiver's 543(c) Motion (Doc No. 84), Exhibit F. The Order states and approves the fees of the Receiver as set forth in the Declaration of Daniel Boverman in Support of the Motion to Appoint Receiver (Order, ¶ 5(i)), which were specifically listed as $325 for the Receiver, $195 to $245 for "senior associates" (aka Mike Anderson) and $135 to $175 for "associates" (aka Tara Graciano). The Order states that "the

BOVERMAN & ASSOCIATES, LLC'S MOTION
FOR RELIEF FROM STAY - 4

FOSTER GARVEY P.C.
*eleventh floor*
*121 sw morrison street*
*portland, oregon 97204-3141*
*(503) 228-3939*

FG:10777865.1

Case 19-34037-pcm12     Doc 104     Filed 02/07/20

1    Receiver <u>shall</u> be reimbursed for all expenses incurred on behalf of the receivership estate

2    pursuant to the terms [of the Order]." *Id.* The Order was presented to the State Court by

3    KeyBank. Mr. Anderson and Ms. Graciano billed for services within these ranges of rates as

4    associates retained by the Receiver.

5         6.    On October 31, 2019, the Debtor filed its chapter 12 bankruptcy.  Schleicher

6    Dec., ¶ 6.  Based on the timing of the filing and the numerous urgent tasks that needed

7    compensation due to the deteriorating condition of the dairy, the Receiver's attorney had not yet

8    filed the Notice of Intent to Employ Professionals.  *Id*.  Prior to the bankruptcy filing, the

9    Receiver's attorney had been working on locating missing cattle, dealing with employment

10   issues, communicating and negotiating with the Debtor's attorney, redrafting auction contracts,

11   submitting pleadings with the State Court, including the Notice of Receivership and Notice of

12   Creditor List and Inventory and the Motion for Approval to Auction Heifers.  *Id*.  Although the

13   State Court granted the Motion to Auction the Heifers, the Debtor filed his bankruptcy the day

14   of the auction.  *Id*.

15        7.    On January 3, 2020, the Receiver filed its Motion for Payment of Compensation

16   and Reimbursement of Costs and Expenses of Receiver Pursuant to 11 U.S.C. § 543(c) (the

17   "543(c) Motion") [Doc 83].  Schleicher Dec., ¶ 7.  The Debtor did not file a response or

18   objection.  *Id*.  Rather, the Debtor's counsel informed the Receiver's counsel that it would

19   instead file an objection to the proof of claim and that, in conjunction with its negotiations with

20   Key Bank, it disputes expenses owed to counsel for the receiver as well as Mr. Anderson and

21   Ms. Graciano <u>in their entirety</u> based on the Receiver not having filed the Notice of Intent to

22   Employ Professionals in the State Court Proceeding before the bankruptcy was filed.  *Id*.

23   KeyBank filed a response to the 543(c) Motion and raised the issue of the Notice of Intent to

24   Employ Professionals having not been filed.  *Id*.  KeyBank subsequently sent its letter to the

25   court in which it withdrew the argument <u>without prejudice</u> while reserving the right to assert an

26   argument based on the notice in a future claim objection or other proceeding.  *Id*.  The

BOVERMAN & ASSOCIATES, LLC'S  MOTION
FOR RELIEF FROM STAY - 5

FOSTER GARVEY P.C.
*eleventh floor*
*121 sw morrison street*
*portland, oregon 97204-3141*
*(503) 228-3939*

Receiver's counsel requested clarification of KeyBank's position and KeyBank appears to have agreed not to object to the Receiver's "fee request" but it remains unclear whether KeyBank is reserving the right to object to the Receiver's proof of claim on this basis. Schleicher Dec., ¶ 7, Exhibit 5.

## LEGAL ANALYSIS

11 U.S.C. § 362(d)(1) allows relief from the automatic stay provided by § 362(a) for "cause." "Because there is no clear definition of what constitutes 'cause', discretionary relief from the stay must be determined on a case by case basis." *In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986) *citing MacDonald v. MacDonald* (*In re MacDonald*), 755 F.2d 715, 716 - 717 (9th Cir.1985). For example, relief from stay can be granted for cause to allow litigation to be concluded in another proceeding. *In re Castlerock Properties*, 781 F.2d at 163 (A clear congressional policy exists to give state law claimants a right to have claims heard in state court. See 28 U.S.C. § 1334(c)); *see also In re Kemble*, 776 F.2d 802, 807 (9th Cir. 1985).

Here, the Receiver is not attempting to litigate in State Court nor is the Receiver attempting to pursue any assets of the estate. The Receiver is merely seeking to have the State Court formally approve employment of counsel the Receiver retained and used from the commencement of the receivership. In essence, this is a procedural formality that the Receiver did not complete prior to the petition date. At all times, KeyBank as well as the Debtor acknowledged that the Receiver had legal counsel and communicated through legal counsel for purposes of the Receivership. The relief requested will simply allow the Receiver to have its counsel employed in the State Court Proceeding to ensure that the Debtor and KeyBank cannot argue what amounts to a "gotcha" because the bankruptcy was filed before the Notice was filed.

Based on the facts before the court and the form of the relief sought by the Receiver, cause exists pursuant to 11 U.S.C. § 362(d)(1) to allow the Receiver to file the Notice of Intent to Employ Professionals *nunc pro tunc* in the State Court Proceeding. Although the Receiver does not believe this step is necessary for its expenses to counsel to be paid, it is filing this

BOVERMAN & ASSOCIATES, LLC'S MOTION
FOR RELIEF FROM STAY - 6

FOSTER GARVEY P.C.
*eleventh floor*
*121 sw morrison street*
*portland, oregon 97204-3141*
*(503) 228-3939*

FG:10777865.1

Case 19-34037-pcm12    Doc 104    Filed 02/07/20

Motion to put to rest the inequitable arguments raised by KeyBank and the Debtor. If a creditor can be granted relief from stay for cause to complete litigation to establish the amount of its claim for purposes of a bankruptcy, cause certainly exists to allow a receiver to file a notice of intent to employ in a state court proceeding for purposes of establishing allowed expenses for its proof of claim (if such action is even necessary).

Last, this issue needs to be addressed from an efficiency and cost standpoint. By continuing to raise this issue, KeyBank and the Debtor are only generating further fees and costs for both the estate and the Receiver. Although the Debtor contends that the Receiver is not entitled to expenses associated with defending its claim, the Debtor is incorrect. *See In re 29 Brooklyn Ave., LLC*, 548 B.R. 642, 652 (Bankr. E.D.N.Y. 2016) (the Receiver's underlying services provided a benefit to the estate, and the fees incurred defending the proof of claim were necessary in this case, those fees are allowable under § 503(b)(4)). Due to these additional expenses, the Receiver will request compensation for the fees and costs associated with defending the claim balance, including fees associated with the claims asserted by KeyBank and the Debtor based ORS 37.310. Therefore, further cause exists to grant the Receiver relief from stay.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BOVERMAN & ASSOCIATES, LLC'S  MOTION
FOR RELIEF FROM STAY - 7

FOSTER GARVEY P.C.
eleventh floor
121 sw morrison street
portland, oregon 97204-3141
(503) 228-3939

## CONCLUSION

For the reasons stated above, Receiver respectfully requests that the Court grant relief from stay to allow the Receiver to file its Notice of Intent to Employ Professionals *nunc pro tunc* in State Court and, if necessary, to seek an order authorizing appointment in the event an objection to the Notice of Intent to Employ Professionals *nunc pro tunc* is filed.

DATED this 7th day of February, 2020.

FOSTER GARVEY PC


By  */s/ Jason M. Ayres*
    Jason M. Ayres, OSB #001966
    Tara J. Schleicher, OSB #954021
    121 SW Morrison St, Suite 1100
    Portland, OR 97204
    (503) 228-3939
    jason.ayres@foster.com
    tara.schleicher@foster.com

BOVERMAN & ASSOCIATES, LLC'S MOTION
FOR RELIEF FROM STAY - 8

FOSTER GARVEY P.C.
*eleventh floor*
*121 sw morrison street*
*portland, oregon 97204-3141*
*(503) 228-3939*

FG:10777865.1

Case 19-34037-pcm12    Doc 104    Filed 02/07/20

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing BOVERMAN & ASSOCIATES, LLC's

MOTION FOR RELIEF FROM STAY on:

- **JASON M AYRES**   jason.ayres@foster.com, kesarah.rhine@foster.com
- **Virginia Andrews Burdette**   vab@andrewsburdette.com, ta@andrewsburdette.com;vbch12tr@seanet.com
- **CHRISTOPHER N COYLE**   chris@vbcattorneys.com, ecfmail@vbcattorneys.com
- **DARREN J DEVLIN**   darren@resolutionfunding.net, tkinne00@aol.com
- **MARJORIE A ELKEN**   mae@buckley-law.com, svp@buckley-law.com;kjh@buckley-law.com
- **EMILY S.B. FULLERTON**   efullerton@schwabe.com
- **NICHOLAS J HENDERSON**   nhenderson@portlaw.com, tsexton@portlaw.com;mperry@portlaw.com;hendersonnr86571@notify.bestcase.com
- **LESLIE S JOHNSON**   ljohnson@samuelslaw.com, cknutson@samuelslaw.com
- **ERICH M PAETSCH**   epaetsch@sglaw.com, ktate@sglaw.com
- **CRAIG G RUSSILLO**   crussillo@schwabe.com, docket@schwabe.com,bankruptcynotices@schwabe.com,gvance@schwabe.com
- **BRANDY SARGENT**   brandy.sargent@klgates.com, kelly.burin@klgates.com;Litigation.Docketing@klgates.com;Lisa.Lombard@klgates.com
- **TARA J SCHLEICHER**   tara.schleicher@foster.com, kesarah.rhine@foster.com
- **TROY SEXTON**   tsexton@portlaw.com, nhenderson@portlaw.com,mperry@portlaw.com,troy-sexton-4772@ecf.pacerpro.com
- **GADI SHAHAK**   gshahak@janewaylaw.com
- **US Trustee, Portland**   USTPRegion18.PL.ECF@usdoj.gov

by the following indicated method or methods on the date set forth below:

☒   **CM/ECF system transmission.**

☐   **E-mail.**   As required by Local Rule 5.2, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

☐   **First-class mail, postage prepaid.**

DATED this 7th day of February, 2020.

*/s/ Jason M. Ayres*
Jason M. Ayres

BOVERMAN & ASSOCIATES, LLC'S  MOTION
FOR RELIEF FROM STAY - 9

FOSTER GARVEY P.C.
*eleventh floor*
*121 sw morrison street*
*portland, oregon 97204-3141*
*(503) 228-3939*

FG:10777865.1