Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re )
) Case No. _____
)
) ORDER CONFIRMING CHAPTER 12
) PLAN AND RESOLVING MOTIONS
Debtor(s) )

The debtor's current plan was transmitted to the appropriate creditors and after hearing upon notice, the Court found the provisions of 11 USC §1225(a) were complied with, THEREFORE IT IS ORDERED that:

1. The debtor's plan dated _____ as modified by any amendment shown in pt. 10 below, is confirmed.

2. The debtor shall incur no credit or debt obligations during the life of the plan without the trustee's written consent unless made necessary by emergency or incurred in the ordinary course of operating the debtor's business. Unless waived by the trustee in writing, the debtor shall immediately report to the trustee if actual or projected gross annual income exceeds by more than 10% the gross farming income and/or net farm income projected by the debtor in the most recently filed Exhibit D-1. Except for those amounts listed in the schedules, the debtor shall immediately report to the trustee any right of the debtor or debtor's spouse to a distribution of funds (other than regular farm income) or other property which exceeds a value of $2,500.00. This includes the right to disbursements from any source, including but not limited to bonuses and inheritances. Any such funds to which the debtor becomes entitled shall be held by the debtor and not used without the trustee's permission, or, if such permission is not obtained, a court order. The debtor shall not buy, sell, use, lease, encumber or otherwise dispose of any interest in: (a) real property; or (b) personal property with a value exceeding $10,000.00 outside the ordinary course of business without notice to all creditors and the trustee with an opportunity for hearing unless such property is acquired through the use of credit and the trustee's permission is obtained pursuant to the first sentence of this paragraph.

3. During the life of the plan, the debtor(s) shall timely file all required tax returns and provide copies of all tax returns to the trustee each year immediately upon filing with the taxing authority. The debtor's failure to pay postpetition taxes and/or domestic support obligations may constitute cause for dismissal of the debtor's chapter 12 case under 11 USC §1208(c).

4. The debtor's attorney is awarded $_____, for attorney fees herein, of which $_____ has been previously paid by the debtor leaving a balance of $_____. The trustee is directed to pay any balance from sums remaining after payments under pt. 2(b) of the plan are current.

1255.05 (10/17/05) **Page 1 of 2**    [**NOTE**: Printed text may **NOT** be stricken!]

Case 19-34037-pcm12    Doc 160    Filed 03/25/20

5. The value of collateral securing debts due holders of secured claims is fixed at the values stated in the plan or the modifications in pt. 10 below. Executory contracts and unexpired leases are assumed or rejected as provided in the plan or the modifications in pt. 10 below. The name **AND** service address for each creditor affected by this paragraph are as follows:

6. Nothing in the proposed plan or in this order shall be construed to prohibit the trustee from prevailing in any adversary proceedings filed under 11 USC §§544, 545, 547, 548 or 549.

7. The debtor, if operating a business without a tax account, shall open a separate bank account and promptly deposit all sums withheld from employees' wages and all employer payroll taxes, and shall make no disbursements from such account except to pay tax liabilities arising from payment of wages.

8. All payments under the confirmed plan shall be paid no later than 5 years after entry of the first order confirming a plan in this case. If all payments are not completed by that date, the case may be dismissed.

9. All creditors to which the debtor is surrendering property pursuant to the plan are granted relief from the automatic stay to effect possession and to foreclose.

10. The debtor moves to amend the plan by interlineation as follows, which amendments are allowed and become part of the confirmed plan [NOTE: Debtor must INCLUDE a service address for any creditor named below]:

11. The terms of this order are subject to any objection filed within 15 days by [NOTE: Debtor must INCLUDE a service address for any affected creditor whose address is not already listed in pts. 5 or 10]:

12. The trustee is authorized to commence disbursements in accordance with the plan.

13. In the event this case is converted to one under Chapter 7 and the Chapter 12 trustee possesses funds aggregating more than $2,500.00 at the time of conversion, the trustee shall forward all such funds to the Chapter 7 trustee. In the event the funds in the trustee's possession at such time aggregate $2,500.00 or less, or in the event this case is dismissed, the trustee shall forward all funds in the trustee's possession to the debtor in care of the debtor's attorney, if any. Nothing in this paragraph is to be construed as a determination of the rights of the parties to such funds.

###

*I certify that on _____ I served this Order on the trustee for submission to the court.*

_____
*DEBTOR OR DEBTOR'S ATTORNEY*

*Approved:* _____
　　　　　　　　*Trustee*

1255.05 (10/17/05)  **Page 2 of 2**          [**NOTE**: Printed text may **NOT** be stricken!]

Case 19-34037-pcm12    Doc 160    Filed 03/25/20

In re Eric L. Silva
Case No. 19-34037-pcm12

**Continuation Statement No. 5 to Order Confirming Plan**

| | | |
|---|---|---|
| KeyBank, N.A.<br>c/o Craig Russillo, Attorney<br>Schwabe Williamson & Wyatt<br>1211 SW Fifth Avenue, Suite 1900<br>Portland, OR 97204 | Boverman & Associates, LLC<br>c/o Daniel J. Boverman<br>11285 SW Walker Rd.<br>Portland, OR 97225 | Purina Animal Nutrition LLC<br>c/o Brandy Sargent, Attorney<br>K&L Gates<br>One SW Columbia Street, #1900<br>Portland, OR 97204 |
| Veterinary Services of Oregon<br>c/o Richard Veeman, Auth. Rep.<br>3884 Mission Rd. NE<br>St. Paul, OR 97137 | Fairview Trucking Co.<br>c/o Angeline Obrist, Reg Agent<br>7725 Trask River Rd.<br>Tillamook, OR 97141 | Farm Credit Svcs. of America<br>PO Box 2409<br>Omaha, NE 68103 |
| Tillamook County Creamery Assoc.<br>c/o Patrick Critseser, Reg. Agent<br>4185 Highway 101 N<br>Tillamook, OR 97141 | Tillamook County Creamery Assoc.<br>c/o Ben Fetherston, Attorney<br>4185 Highway 101 N<br>Tillamook, OR 97141 | |

**Continuation Statement No. 10. to Order Confirming Plan**

Debtor moves to amend the plan by interlineation as follows, which amendments are allowed and become part of the confirmed plan:

a) **Paragraph 2(b)(1) and the Continuation Statement for Paragraph 2(b)(1) shall be amended as follows:**

- For Key Bank (Class 3), the column labeled "Periodic Payment" is changed to the following:

    - $9,500 per month for 6 months,
    - $12,500 per month for 22 months;
    - $45,000 per month for 14 months;
    - $55,000 per month for 14 months; and then
    - Debtor shall pay the remainder of Key Bank loan through sale or refinance (see ¶ 13 of the Plan, as amended by the Order Confirming Plan).

- For Farm Credit Services of America (Class 12), the post-confirmation interest rate shall be changed to 5.75% per annum.

b) **Paragraph 3 of the Plan shall read as follows:**

The debtor moves for assumption of the following executory contracts and leases:

| Creditor | Amount of Default | Cure Provisions |
|---|---|---|
| Tillamook County Creamery Assoc. | NONE | N/A |

Page 1 of 5 – Continuation Statement for Paragraph 4
{00348607:5}

**c) Continuation Statement to Paragraph No. 4 shall be amended as follows:**

- Paragraph 5 of Continuation Statement to Paragraph No. 4 shall be amended to read:

  5) <u>Tillamook County Creamery Assoc.</u>: regular payments shall be made to TCCA through the monthly milk check, and TCCA is authorized to deduct $2,700 for funds improperly and inadvertently paid by TCCA to Boverman & Assoc. just prior to the petition.

- Paragraph 6 of Continuation Statement to Paragraph No. 4 shall be amended to read:

  6) <u>ASL Claimants</u> (Classes 2A, 2B and 2C): Debtor shall pay the Class 2 claims directly their pro-rata share of proceeds from pre-confirmation cattle sales that occurred after entry of the Final Order Authorizing Use of Cash Collateral of Debtor-In-Possession and Granting Adequate Protection [ECF No. 74]. Debtor estimates that he will have approximately $4,500 on hand from such sales as of the confirmation date, and will pay the actual proceeds within 10 days after entry of an Order Confirming Plan. Post-confirmation, ASL Claimants will continue to have a replacement lien on all new cattle. Debtor shall continue to segregate proceeds of sale of any cattle other than ordinary course, de minimus sales of non-producing or depleted dairy cattle. Proceeds of any non-ordinary course cattle sales shall be paid to the ASL Claimants pro-rata, within 20 days after such sale. All other payments to the ASL Claimants shall be made as set forth in Paragraph 2(b)(1) and the Continuation Statement to Paragraph 2(b)(1). ASL Claimants shall continue to receive reports of cattle sales post-confirmation.

- A new Paragraph 7 shall be added to Continuation Statement to Paragraph 4, to read:

  7) Within 30 days following the confirmation date, KeyBank and Debtor shall calculate the amount owing under the Debtor's five existing promissory notes, including interest, fees and costs allowed under 11 U.S.C. § 506(b), and the parties shall execute appropriate documents to amend, restate and consolidate such notes and related loan documents (except for credit card accounts and legal fees and costs) into one loan obligation. Interest on the restated promissory note shall accrue at the rate of 6.5% per annum.

  Additional terms of the amended and restated KeyBank note:

  o The amended and restated note shall mature on January 1, 2025, and all remaining principal, accrued interest and unpaid fees and costs shall become due and payable.

  o The default clause of the amended and restated note will provide for a 30-day period following notice from KeyBank in which to cure any payment default.

  o The debtor will provide KeyBank with the following financial information and information related to the operation of his business: (1) quarterly financial statements (profit and loss statement, balance sheet) due 20 days after each calendar quarter; (2) annual financial statements due 30 days after the end of each fiscal year; and (3) the

      debtor's tax return and all accompanying schedules due 10 days after filing; (4) notice of any default in any scheduled payments to creditors under the plan due within 10 days following such default; and (5) copies of any complaint, demand, notice of default, notice of claim or similar documents received by the debtor within 10 days following receipt thereof.

- The debtor will: (1) pay and discharge all federal, state, local taxes before they become delinquent; (2) maintain insurance on KeyBank's collateral for the full insurable value thereof with KeyBank named as loss payee and additional insured; and (3) allow KeyBank access to the debtor's premises with reasonable notice to inspect KeyBank's collateral and examine the debtor's books and records.

- The debtor will not: (1) create, incur or assume any new material obligations or indebtedness not directly connected to his dairy business and disclosed in the budget and projections submitted in connection with confirmation of the plan; (2) create or suffer to exist any lien upon his properties or assets, except those arising in the ordinary course of business or by operation of law; and (3) sell, convey, transfer or otherwise dispose of any of KeyBank's collateral without KeyBank's written consent, except as specifically permitted by the plan or as may arise in the ordinary course of business.

- All collateral securing the Debtor's existing promissory notes to KeyBank will secure the new amended and restated promissory note with the same validity and priority that they secure the existing notes.

- The Debtor will promptly execute such instruments and documents as KeyBank may reasonably request from time to time, including but not limited to modifications of mortgage and memoranda of modifications of mortgage, as may be necessary or appropriate to evidence the modification and restructure of the debtor's loan documents under the plan.

**d) The following shall be added to the end of Paragraph 5 of the Plan:**

KeyBank consents to a sale of the 23220 Blaine Road property free and clear of its lien, subject to the following: (1) the net proceeds to be paid to KeyBank shall be no less than $60,000; (2) KeyBank's payment shall be applied first to KeyBank's out-of-pocket legal fees and costs, then to the outstanding principal under the amended and restated note; and (3) all cattle purchased with the debtor's share of the sale proceeds will be subject to a first priority lien in favor of KeyBank. In the event the Debtor fails to consummate a sale of the property, KeyBank's attorneys' fees and costs shall be added to the Debtor's obligation evidenced by the amended and restated promissory note.

**e) Paragraph 13 of the Plan shall be amended to read as follows:**

On or before month 48, Debtor shall refinance the Dairy Property at 26755 Blankenship Road, Beaver, OR, to pay Key Bank in full, and to contribute additional funds to the plan as may be needed to ensure that allowed priority and unsecured claims are paid in full by the

In re Eric L. Silva
Case No. 19-34037-pcm12

60th month of the Plan.  If Debtor has not refinanced by month 48, Debtor shall list the Dairy Property for sale, and will sell the property before month 57.

f)  **Paragraph 14 of the Plan shall be amended to read as follows:**

Debtor has reached a settlement agreement with Boverman & Associates, LLC ("Boverman"), regarding Debtor's Objection to Claim No. 29-1, on the following terms:

- Boverman's claim shall be allowed as a priority claim under 11 U.S.C. § 503(b)(3)(E), in the amount of $137,500;

- On the effective date of the Plan, KeyBank N.A. shall pay Boverman the sum of $65,000, and such payment shall be credited to reduce Boverman's allowed claim by the same amount.  The amount paid by KeyBank shall be part of the KeyBank Amended and Restated Promissory Note described in the Continuation Statement to Paragraph No. 4;

- Boverman's remaining priority claim of $72,500 shall be paid in full within 6 months following entry of the Order Confirming Plan.

- Upon entry of the Order Confirming Plan, Boverman on the one hand, and Debtor and Key Bank on the other hand, hereby release and forever discharge each other, and all of their respective employees, agents, officers, owners, members, shareholders, attorneys, insurers, successors, and assigns, from any and all claims, demands, causes of action, damages, injury, expenses, or liabilities of any kind or nature whatsoever arising or accruing on or prior to the date of entry of the Order Confirming Plan, whether known or unknown, whether under contract, tort, or otherwise, including, but not limited to, any causes of action asserted or that could have been asserted in relation to Boverman's appointment as a receiver for Debtor's assets (the "Receivership"), and any claims arising subsequent to the bankruptcy petition related to the Receivership.  The release granted hereby is intended to be as broad as possible and shall be interpreted accordingly.  This release does not apply to either of the parties' obligations under the plan or Order Confirming Plan.

As a result of the settlement described above, for payments to creditors in Section 2(b)(1) that are to begin after administrative claims have been paid (which include attorney fees and the remainder of Boverman's claim), payments to said administrative claimants shall not exceed $155,000.

g)  **Paragraph 16 shall be added to the Plan to read as follows:**

Promptly after entry of the Order Confirming Plan, Debtor shall submit paperwork to Tillamook County Creamery Association ("TCCA") to have trustee payments paid directly from TCCA to the Trustee.

In re Eric L. Silva
Case No. 19-34037-pcm12

h) **Paragraph 17 shall be added to the Plan to read as follows:**

Debtor has indicated that he intends to appeal the Oregon Department of Agriculture's ("ODA") decision requiring Debtor to apply for an individual CAFO permit. Debtor shall diligently pursue the appeal, and shall promptly report the results of the appeal to the Chapter 12 Trustee. If Debtor's appeal is successful, he shall promptly pay any required fee to keep his CAFO permit in good standing. In the event the Debtor's appeal is unsuccessful, Debtor shall promptly apply for the individual CAFO permit required by the ODA, and shall pay any associated fees.

i) **Paragraph 18 shall be added to the Plan to read as follows:**

Debtor's requested attorney fees shall be held in reserve by the Chapter 12 Trustee until allowed by separate order of the Court.